David Stebbins (pro se Plaintiff)
123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                         PLAINTIFF

VS.                                         Case 3:23-cv-00322-LJC

GOOGLE, LLC                                                                             DEFENDANTS

### MOTION FOR PROTECTIVE ORDER

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Protective Order in the above-styled action.

**This motion can't wait.**

1. The Defendants have not been served with process yet (at least that I know of). However, they clearly know about this case, as evidenced by their filing of an Administrative Motion in a different case, seeking to have these two cases related. See 4:21-cv-04184-JSW Stebbins v. Polano, Dkt. 174. The Court in that case found no relation and ordered that no reassignment of judges occur. See Dkt. 180.

2. In that motion, they declared their intention to file a motion to dismiss in this case when the time comes.

3. Therefore, if we wait until they make an appearance in this case, they will already have made the bad faith per se arguments that I fear they will make. By that point, it will be too late. Therefore, to protect me from having to litigate in the first instance against frivolous, bad faith claims, the Court needs to take preemptive action right now.

4. As you continue to read this motion, you will find that I am not asking for a lot. Since the defendants have obviously not filed anything in this case yet, there is nothing to impose Rule 11 sanctions against. Rather, I am merely asking this Court to issue a cautionary note to the Defendants, nothing more nothing less.

### The frivolous arguments that are forthcoming.

5.  In their Administrative Motion, the Defendant's parent and sister companies, Alphabet Inc. and Youtube LLC respectively, acting through legal counsel Jason Mollick (who I presume will also be representing the defendant in this case) made numerous bad faith per se arguments and allegations against me. The arguments fell within the logical fallacies of invincible ignorance, appeal to the stone, proof by assertion, and ad hominem attacks.

6.  Specifically, the defendants alleged that the infringing which forms the basis of this lawsuit is "clearly" fair use, but providing absolutely no details whatsoever to support their claims. They made extraordinary claims, including but not limited to (A) "the underlying copyrighted video is of minimal creativity," (p4, lines 24-25) and (B) "the channel's use of that screenshot has no impact whatsoever on the market for Plaintiff's video, if there even is such a market at all." (pp 4-5, lines 25-1). They also claim that this lawsuit (the current one, which I am filing this motion in) is merely a continuation of my ongoing pattern to "silence online criticism of" me (p5, lines 15-17). At no point do they even so much as *attempt* to provide even so much as an iota of evidence, or even detailed factual allegations, to support these extreme accusations.

7.  Because they made these accusations so boldly in the Polano case, it stands to reason that these accusations will resurface in this case when the time for them to file their Motion to Dismiss comes.

8.  I have already filed a motion for sanctions in the Polano case, explaining how these arguments are bad faith per se, and how they constitute the logical fallacies of invincible ignorance, appeal to the stone, and proof by assertion. See Dkt. 179. The contents and arguments contained in that motion are hereby incorporated by reference.

### Google has already accumulated three strikes in this regard.

9.  As I pointed out in the motion for sanctions, both the CCB and this Court reviewed my complaint before authorizing service of process, and both tribunals verified that the complaint had indeed plead sufficient facts upon which relief can be granted. That's strike one and strike two, respectively.

10. The motion for sanctions was done in response to an Administrative Motion to Consider

Whether the Cases Should Be Deemed Related. The defendants' basis for claiming the cases were related were that this case (the one I'm filing this motion in) is frivolous, a claim they do no even attempt to support using facts and arguments. They apparently believed that only a cursory review of the complaint would make it immediately apparent to any disinterested third party that the case is patently frivolous, to the point where there is no need to elaborate further, because there is no elaboration they can give that wouldn't be redundant of the frivolousness that is clearly on display simply by giving the complaint even a cursory review.

11. Well, Judge White declined to find the cases related, and did so without further comment. See Dkt. 180. This makes Judge White the *third* tribunal to have determined that the case cannot be declared frivolous simply on cursory review, without further factual development. At this point, the boot is on the other foot. The defendants' insistence that this case is frivolous, and that one need only take a single look at the case to immediately see that, is in itself frivolous at this point. Three tribunals, three reviews of the case, three declarations that the case is not frivolous on its face. If the defendants were to continue to insist that the icon is obviously fair use, and their case for fair use begins and ends with the rhetorical question "How is it NOT fair use[1]," then they are the ones acting vexatiously, not me.

## Relief Requested

12. I ask the Court to caution the defendants against resorting to these bad faith per se arguments when and if they file their motion to dismiss. I am not looking for sanctions in this case just yet. They haven't even filed anything in this case yet, so there's literally nothing to sanction! Rather, what I am asking is for the Court to caution the defendants that bad faith allegations without any facts or evidence to back them up. If they want to move to dismiss based on clear and obvious fair use, they need to do more than simply *claim* "minimally creative" and "no impact whatsoever on the market." They need to actually back that up with evidence.

13. If they wish to argue fair use, especially if they wish to do so on a motion to dismiss, they should be advised to consider such questions as …

- What exactly is the criticism that is being said by the icon's nebulous additions to the

---

[1] A question that Jason Mollick (presumed counsel for the defense in this case) has asked me himself over the phone on numerous occasions.

    Plaintiff's face?

- Even if some nominal transformative value could be extracted from the icon, why shouldn't ATTA's clear malicious motives for maintaining that channel[2] cancel out and nullify this nominal transformative value? Remember that "fair use presupposes good faith and fair dealing." See Fisher v. Dees, 794 F. 2d 432, 436 (9th Cir. 1986) (citing Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 US 539, 562 (1985)). While the precedent has been watered down in recent decades, it has not been overturned in its entirety, so bad faith still holds at least some weight in a fair use determination.
- How is the underlying work – which consists of nearly four hours of the Plaintiff and his debate partner exchanging opinions about a popular video game – "minimally creative?"
- If the underlying work is minimally creative, then why shouldn't the facial expression that ATTA used for his icon be considered the "heart" of the work, owing to a lack of competing content?
- How does the icon have "no impact whatsoever," not just on the market for the original video itself, but also for any/all derivative markets, including the right of the Plaintiff to charge a licensing fee for the use of images from that work? Bear in mind that this factor usually requires the defendant to come forth with "favorable evidence of relevant markets." See Campbell v. Acuff-Rose Music, Inc., 510 US 569, 590 (1994).
- Is there any actual *proof* that the Plaintiff is acting *solely* in an attempt to silence online criticism about him, rather than the silencing of criticism (if it even happens) being an unintended side effect of his otherwise good faith efforts to enforce his copyright and to stop genuine harassment against him?

14. Furthermore, they should be mindful of the binding precedent in the 9th Circuit which states, not only that the defendant *always* holds the burden of proof in a fair use defense, but that this is one of the few "absolute statements" when it comes to fair use. See Dr. Seuss Enterprises, LP v. Comicmix LLC, 983 F. 3d 443, 459 (9th Cir. 2020). This is doubly applicable on a motion to dismiss for failure to state a claim, since it is well established, black letter law that such a

---

2 Remember that I allege in the complaint that the channel was dedicated entirely to harassing, doxxing, and impersonating me.

motion must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007).

15. Along that same vein, I ask that the Court warn the defendants to exercise caution when bringing up any previous bad acts (including my past litigation) in order to smear me. As I pointed out in the motion for sanctions, sometimes, ad hominem arguments can indeed be made in good faith, unlike the other three fallacies discussed in that motion, which are almost always bad faith. However, to be good faith, the personal traits brought up by the opponent must be reasonably related to the arguments they are making in the first instance. A lack of medical degree or license, for example, is a good faith ad hominem argument when attacking the speaker's arguments about what is and isn't a healthy lifestyle.

16. When bringing up anything I may or may not have done in the past, the defendant should be weary, not only of this principle regarding ad hominem personal attacks, but also of the 2021 Supreme Court dictum that "copyright is not a privilege reserved for the well-behaved." See Google LLC v. v. Oracle America, Inc., 141 S. Ct. 1183, 1204 (2021).

17. When bringing up my past sins and past transgressions, they should be required to demonstrate how these past actions actually tie into the instant case. If they simply list my past sins, only to then do nothing with it, in the hopes that the past sins themselves will cause the judge to resent me, then that should be sanctioned under Rule 11 as a bad faith ad hominem attack.

18. Remember that my concerns that the defendant will attempt these sorts of bad faith arguments are not simply paranoia. They are based on what the defendant's parent and sister companies have *already done* in their attempt to have this case related to another one.

Conclusion

19. The Defendant is almost certain to make numerous bad faith attempts to dodge accountability without actually putting in any real effort. They've already done as much, both when they refused to process my DMCA Takedown Notice, and when they attempted in bad faith to have this case related to the Polano case solely on account of the fact that they, personally,

considered this case to be frivolous simply because they say it is. It seems highly unlikely that they will stop doing this of their own accord. An admonishment from the Court would go a long way to getting them to see that their path is self-destructive, without actually imposing any sanctions.

20.  Wherefore, premises considered, I respectfully pray that the Court advise the defendant, before they appear in the case, to tread cautiously when making arguments against me without actually backing them up with evidence.

So requested on this, the 10th day of February, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)