UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                       PLAINTIFF

VS.                                              Case 3:23-cv-00322-LJC

GOOGLE, LLC                                                                                          DEFENDANTS

## ORDER CAUTIONING DEFENDANT

COMES NOW BEFORE THE COURT the Plaintiff's Motion for Protective Order. Having considered the protective order and the related documents, the Court finds that a cautionary warning is warranted.

The Defense is hereby advised to think heavily before filing inflammatory motions and pleadings in this case. So far, three separate tribunals, on three separate occasions, looked at this case and determined that it is not patently frivolous on its face. While these determinations are not dispositive and may indeed be litigated, if the Defense wishes to change the Courts mind on this (which they are absolutely entitled to attempt to do), they should make a good faith effort to support their allegations with specific facts, supported by evidence that appears on record, not to simply declare that the elements of fair use are met in this case and call it a day, like they did in the Administrative Motion to Consider Whether Cases Are Related (4:21-cv-04184-JSW, Dkt. 174).

This is especially the case if they intend to file a motion to dismiss. The Defense should be mindful of the high standard required for dismissal for failure to state a claim set forth in Bell Atlantic v. Twombly, especially when dismissal on the pleadings is sought primarily because the alleged copyright infringement is clearly fair use.

Lastly, the Defense should tread very carefully if it plans on making inflammatory personal attacks against the Plaintiff, especially if their entire defense rests on pointing out the Plaintiff's prior bad actions in order to stir up resentment against the Plaintiff. Copyright is not a privilege reserved for the well-behaved; see Google v. Oracle, so even if the Plaintiff might have done some regrettable things in the past, that does not mean he is not entitled to damages or injunctive relief for the otherwise unfair use of his copyrighted content, and if the use is fair, the

Defense should not need to point to the Plaintiff's checkered past to prove that, not unless the prior bad acts somehow directly bolster their case for fair use in a way neither the Plaintiff nor this Court could have anticipated.

      Should the Defense fail to heed this advice, the Court will consider imposing sanctions against them under Fed.R.Civ.P. 11.

      IT IS SO ORDRED.

                                                      _____

                                                    Signature of Judge

                                                    _____ / \_\_\_\_\_ / _____

                                                    Date