RYAN S. BENYAMIN, State Bar No. 322594
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

JASON MOLLICK (*pro hac vice application to be filed*)
JEREMY AUSTER (*pro hac vice application to be filed*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | CASE NO.: 3:23-cv-00322-LJC<br><br>**OPPOSITION TO EX PARTE MOTION FOR PROTECTIVE ORDER [DKT. 11]**<br><br>Judge: Lisa J. Cisneros<br>Date: March 23, 2023<br>Time: 1:30 p.m.<br><br>Action Filed: January 20, 2023 |

Before Defendant Google LLC ("Google") made an appearance or was even served in this case, Plaintiff filed an *ex parte* "Motion for Protective Order" in which he asks the Court to "protect me from having to litigate" against "bad faith per se arguments that I fear [Google's counsel] will make" about his history as a vexatious litigant. Dkt. 11 ¶ 3. Not surprisingly, the motion is frivolous. As Google will explain in its forthcoming motion to dismiss, Plaintiff's tactic is emblematic of the wasteful and abusive litigation practices that he has engaged in for over a decade, that other courts have repeatedly reprimanded him for, and that continue today. Reciting this history is not a "personal attack[]," as Plaintiff claims in his Motion. *Id.* ¶ 16. It is directly relevant to why his copyright infringement claim should be dismissed, because the "infringement" about which he complains is a fair use criticism of his litigious behavior. *See* 17 U.S.C. § 107.

By way of background, Plaintiff is a *pro se* individual who posts videos on YouTube under the alias, "Acerthorn." His home district, the Western District of Arkansas, has deemed him a "vexatious" litigant who has "abused the system" with "a history of filing ultimately meritless cases upon which the Court has been forced to expend countless hours of time and judicial resources." *Stebbins v. Stebbins*, 2013 U.S. Dist. LEXIS 93528, at *3-6 (W.D. Ark. July 3, 2013). "Not only has [Plaintiff] filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit." *Id.* at *3-4. Numerous other courts have reprimanded him for the same behavior. *See Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012) (noting that "time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly"), *aff'd*, 520 F. App'x 589 (9th Cir. 2013); *Stebbins v. Stebbins*, 575 F. App'x 705, 705 (8th Cir. 2014) (affirming dismissal and noting it is "undisputed that Stebbins has proceeded *in forma pauperis* on at least sixteen complaints [as of 2014] that proved meritless, and has filed numerous frivolous motions"); *Stebbins v. State of Tex.*, 2011 U.S. Dist. LEXIS 146248, at *8-9 (N.D. Tex. Oct. 24, 2011) (warning Plaintiff that he could face monetary sanctions and/or that the court would ban him from filing further actions without prior approval), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 141817 (N.D. Tex. Dec. 9, 2011); *Stebbins v. Steen*, 2013 U.S. Dist. LEXIS 117914, at *5-

6 (E.D. Ark. Aug. 20, 2013) (concluding that Plaintiff's complaint was frivolous and failed to state a claim); *Stebbins v. Bradford*, 2013 U.S. Dist. LEXIS 94179, at *7 (W.D. Ark. July 5, 2013) (dismissing Plaintiff's complaint as frivolous), *aff'd*, 552 F. App'x 606 (8th Cir. 2014); *Stebbins v. Google, Inc.*, 2011 U.S. Dist. LEXIS 125701, at *12 (N.D. Cal. Oct. 27, 2011) (dismissing as "frivolous" a lawsuit against Google to confirm a purported "arbitration award" for half a trillion dollars, even though no arbitration actually occurred).

In recent years Plaintiff has retrained his sights on this District, filing bogus "copyright infringement" lawsuits for millions of dollars against virtually anyone who posts or displays the slightest amount of his content for purposes of criticizing him. Plaintiff has been admonished repeatedly for filing these frivolous lawsuits. *See Stebbins v. Polano*, No. 21-cv-04184-JSW, 2022 U.S. Dist. LEXIS 121919, at *12-13 (N.D. Cal. July 11, 2022) ("*Polano*") ("Plaintiff is warned that if he persists in filing frivolous or meritless lawsuits, the Court may impose sanctions, bar from him from filing further actions without prior approval, and/or deem him a vexatious litigant."); *Stebbins v. Rebolo*, No. 22-cv-00546-JSW, 2022 U.S. Dist. LEXIS 121844, at *7-8 (N.D. Cal. July 11, 2022) ("*Rebolo*") (issuing same warning, and noting that "Plaintiff's bad faith and his history of filing frivolous lawsuits further justifies dismissal without leave to amend"); *Polano*, Dkt. 134 ("[T]he Court does not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship.").

All of this is relevant to why Plaintiff's copyright infringement claim should be dismissed. As Google will explain in its motion, the allegedly-infringing content at issue in this case—a single frame of a four-hour video posted by another YouTube user—is manifestly ***fair use criticism of his abuse of the legal system*** and his attempt to invoke copyright law as a means to stifle that criticism. *See* 17 U.S.C. § 107 ("[T]he fair use of a copyrighted work, including such use by reproduction in copies … for purposes such as criticism [and] comment … is not an infringement of copyright[.]"). In fact, this District dismissed virtually identical claims in *Rebolo*, finding that "much of the alleged infringement is plainly fair use criticism," and that "Plaintiff's attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence

online criticism smacks of bad faith and abuse of the Court system." 2022 U.S. Dist. LEXIS 121844, at *7-8. Google will show that this case is more of the same.

Ironically, the Motion for Protective Order is itself an example of Plaintiff's abusive efforts to mute criticism. Plaintiff fears that Google's counsel will make truthful assertions that he uses the courts and copyright law to silence his critics. So true to form, he has filed an anticipatory *ex parte* motion asking this Court to admonish counsel **not to criticize him**. The Motion speaks to the kind of behavior that Plaintiff has engaged in for years, and unfortunately, plainly will continue to do in this case. It is abusive and should be denied.[1]

Dated: February 21, 2023                        Respectfully submitted,

                                                WILSON SONSINI GOODRICH & ROSATI
                                                Professional Corporation

                                                By:    *s/ Ryan S. Benyamin*

                                                Ryan S. Benyamin
                                                1900 Avenue of the Stars, 28th Floor
                                                Los Angeles, California 90067
                                                Telephone: (424) 446-6913
                                                Facsimile: (866) 974-7329
                                                rbenyamin@wsgr.com

                                                *Counsel for Defendant Google LLC*

---

[1] Plaintiff's motion also violates this District's Local Rules, which state that a party may file an *ex parte* motion "only if a statute, Federal Rule, local rule, or Standing Order authorizes *ex parte* filing," and mandate that the motion include a citation to the authority that "permits the use of an *ex parte* motion to obtain the relief sought." Civ. L.R. 7-10. Plaintiff cites no authority that would justify his clear misuse of the emergency *ex parte* process.