David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                    PLAINTIFF

VS.                                        Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                                       DEFENDANTS

## MOTION TO STRIKE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motin to Strike the Defendant's Motion to Dismiss and to Declare Me A Vexatious Litigant (Dkt. 31).

1. The defendant has filed a motion to dismiss my complaint and to have me declared as a vexatious litigant.

**Legal basis for the motion.**

2. The Court has the power to strike from the record any redundant, impertinent, or scandalous matter. See Fed.R.Civ.P. 12(f). When done on motion by a party, it must do so before the time comes for that party to file its response to the motion. See FRCP 12(f)(2). For this reason, I am setting the hearing for this date to be 03/17/2023 (the last business day before my Opposition's due date), instead of the usual date.

3. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." See Fantasy, Inc. v. Fogerty, 984 F. 2d 1524, 1527 (9th Cir. 1993).

4. There are many reasons why this Court should strike the Motion to Dismiss:

**Reason #1: The second part of the motion is filed in violation of FRCP 11.**

5. Beginning on Page 19, the Defendant stops arguing why the underlying use is a fair use, and begins arguing why I should be declared a vexatious litigant. This is, in effect, a motion for sanctions under FRCP 11, seeking to have me punished for filing a frivolous lawsuit that is not supported by existing law or a nonfrivolous argument for the modification, extension, or creation of new law.

6.     However, such motions must be filed separately from any other motion. See FRCP11(c)(2). Because this motion was filed in violation of this Rule, it should be stricken.

    **Reason #4: The Defendant provides information beyond the scope of the complaint.**

7.     Next, the Defendant attaches several exhibits to their motion to dismiss in order to showcase why the underlying work is fair use. See Dkt. 31-2, Dkt. 31-4, and Dkt. 31-5.

8.     This goes against the well-established law that, on a motion to dismiss, the Court cannot look beyond the scope of the complaint, except to the extent content is directly incorporated into the complaint (the key word being "directly") or what it can take judicial notice of. The Defendant admits to this limitation in its own motion, so that is not in dispute.

9.     However, the Defendant still feels the need to introduce exhibits to their motion in order to make their point. They also include declarations from defense counsel and one of Google's employees attesting to the accuracy of these exhibits (see Dkt. 31-1 and 3-3).

10.     This is a flagrant violation of the clearly-established law that the Court must not look beyond the scope of the complaint on a motion to dismiss.

11.     To be fair, many of these articles (though not all of them) would have been incorporated directly into the complaint, were it not for one minor hiccup: The direct infringer (the owner of the channel "Acerthorn the True Acerthorn") deleted his channel in shame immediately after this lawsuit got filed. Because of this, many of the links I provided no longer work.

12.     While this certainly puts the Defendant in an unenviable position, it is not my fault that it happened. For better or worse, the Defendant cannot prove these factual allegations just on the Complaint alone anymore. They will have to conduct discovery, and possibly call the direct infringer as a witness, before they can have the case be declared fair use, unless they can somehow plausibly allege that I am somehow at fault for the spoliation myself.

13.     Even if the Court disagrees that the spoliation precludes the Court from considering the underlying evidence on a motion to dismiss, the Defendant has still made several references to other pieces of evidence that were not directly incorporated into the Complaint. One of the biggest examples is the "Acerthorn's Archnemeses" section of the direct infringer's channel. I never incorporated that section into the Complaint, which means the Court cannot consider it on

a motion to dismiss. The Court certainly would not be precluded from considering it on a motion for summary judgment (provided that the evidence is submitted in compliance with all other rules and laws), but not at this stage.

14.     If the Court were allowed to consider anything that was reasonably available upon reviewing the things that were directly incorporated into the complaint, then what is to stop the Court from simply clicking on the other channels themselves, reviewing *their* content, and then considering *that* on a motion to dismiss? Then, the Court could theoretically review comments left by others, find their channels, then consider videos uploaded to their channels as well. This would result in an endless regress of things the Court could lawfully consider. Such a proposal is preposterous on its face.

**Reason #3: The Defendant provides no evidence whatsoever that I am simply attempting to silence online criticism about me, other than an emotionally-charged judge's opinion that was issued in violation of my due process rights.**

15.     In support of their desire to have me declared a vexatious litigant, the Defendant insists that I am filing this lawsuit solely out of a desire to silence online criticsm. See p. 13, lines 9-10 ("The present lawsuit is Plaintiff's latest attempt to wield copyright law ***as means of stifling fair use criticism***") (emphasis added). See also p. 10, lines 18-19 ("In Recent Years, Plaintiff Has Filed a Barrage of Bogus Copyright Claims Against Google and YouTube ***in An Effort to Silence His Online Critics***") (emphasis added).

16.     Once again, the Defendant fails to provide even a scintilla of evidence that this is my sole, my primary motive, or even one motive out of many. Despite my repeated, voluminous attempts to explain to them that it is harassment, doxxing, and copyright infringement, NOT criticism, that is motivating my filings.

17.     In fact, if you stop to think about the implications of this accusation, they make absolutely no sense. In cases where the offender's motive is typically an essential element (such as false arrest under 42 USC § 1983 or employment discrimination), it is typically a bar to liability if the defendant proves that he would have engaged in the same adverse action even if the retaliatory motive was not at play.

18.     When you look at it that way, it becomes apparent that the Defendant is not accusing me of silencing criticism in the process of getting what I actually want. They are accusing me of acting with the sole, exclusive motive of silencing criticism. Otherwise, their accusation makes no sense, and certainly is not grounds for declaring me a vexatious litigant.

19.     Here, we have a case where I have been harassed, dogpiled, doxxed, and even had my life threatened on multiple occasions. My attempts to monetize my work have been completely and thoroughly demolished.

20.     So what the defendant is actually saying is … I'm not actually bothered by any of that! I would actually be willing to endure all of that, as long as the criticism – and *only the criticism* – wasn't part of it!

21.     When you look at it from that angle, their argument quickly becomes ludicrous on its face! This constitutes a "scandalous" pleading, and therefore is deserving of being stricken.

<u>The Defendant's repeated references to my litigious past is independently strikeable.</u>

22.     In an attempt to avoid having to show proof that this lawsuit is being filed simply to silence online criticism (which they could never prove, and they know it), the Defendant attempts to focus instead of my admittedly regrettable past. This is explicitly held by the 9th Circuit to properly be the subject of a motion to strike. See Fantasy, Inc. at 1527 ("Superfluous historical allegations are a proper subject of a motion to strike").

23.     Furthermore, these past actions are not admissible for the purpose the Defendant is using them for. See Fed.R.Evid. 404(b) (evidence of prior bad acts cannot be used to prove that the accused is acting in conformity therewith on a particular occasion). The advisory notes on that rule demonstrate that that such evidence is almost always more prejudicial than probative:

> "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

24.     For this reason alone, the references to my past deserve to be stricken, to the exclusion of all other factors mentioned in this motion.

**Reason #4: The Defendant gives no evidence whatsoever as to a lack of market harm.**

25. When attempting to claim the underlying work is fair use, the Defendant insists that the work is not a market substitute. The Defendant offers no evidence whatsoever in support of its position. This complete lack of evidence has already been declared frivolous by the 9th Circuit Court of Appeals. See Monge v. Maya Magazines, Inc., 688 F. 3d 1164, 1181 (9th Cir. 2012) ("Maya does not offer any evidence of the relevant market or the lack of market harm from its publication other than broad, unsubstantiated statements in its brief").

26. Bear in mind that, in both the Polano case and this one, I repeatedly remind the defendant of the clearly-established case law that states that derivative markets must also be considered. See Campbell v. Acuff-Rose Music, Inc., 510 US 569, 590 (1994) ("The enquiry 'must take account not only of harm to the original but also of harm to the market for derivative works'").

27. <u>*D-E-R-I-V-A-T-I-V-E!!!!*</u>

28. Channel icons absolutely qualify as derivative works.

29. Their complete and utter failure to address this sub-factor of the fourth factor is extremely telling. This alone makes the motion scandalous. Just like with the aforementioned accusations that I am simply trying to silence online criticism, their complete failure to address the lack of harm to *d-e-r-i-v-a-t-i-v-e* markets means that this section of their motion deserves to be stricken as scandalous.

**Partial stricking may be warranted.**

30. While the entire motion is meritless for reasons I will get into when I file the opposition to the motion, not all portions of the motion are subject to striking under Rule 12(f) specifically. For this reason, the Court may find it prudent to simply strike …

    (a)    everything in the Motion to Dismiss from pages 24-31

    (b)    p. 9, Line 4 through p. 14, line 20 of that same motion,

    (c)    Dkt. 31-1 through 31-5 in their entirety, as they introduce new evidence, and

    (d)    Dkt. 31-6, lines 15-23.

31. However, doing even that much effectively kills the Defendant's hopes of getting the case

thrown out on the pleadings. By striking their section on the effect of the market, that leaves a presumption that the derivative[1] market for Acerthorn-themed channel icons is usurped by this icon. The Defendant admits that Harper & Row, Publishers Inc., v. Nation Enterprises, 471 U.S. 539 (1985) is still valid binding precedent, as evidenced by their citation of same in p. 24, line 5 of their motion. However, that precedent states that this factor is singularly fatal to a fair use defense. See id at 568 ("[T]o negate fair use one need only show that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work ... If the defendant's work adversely affects the value of any of the rights in the copyrighted work ... the use is not fair").

32.     Therefore, if pp. 24-25 of the Motion to Dismiss are stricken, the motion to dismiss in its entirety must be denied.

33.     Therefore, the Court might as well include the denial of the entire motion as part of its order striking these portions. Then, it could order the Defendant to file its Answer within 7 days.

### Conclusion

34.     Wherefore, premises considered, I respectfully pray that the Court strike the impertinent, immaterial, and scandalous parts of the motion to dismiss, thereby nullifying my need to respond to them. So requested on this, the 7th day of March, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)

---

[1] I repeat: The **_DERIVATIVE_** market!