1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   1900 Avenue of the Stars, 28th Floor
3  Los Angeles, California 90067
4  Telephone: (424) 446-6913
   Facsimile: (866) 974-7329
5  rbenyamin@wsgr.com

6  JASON MOLLICK (*pro hac vice*)
7  JEREMY P. AUSTER (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
8  Professional Corporation
   1301 Avenue of the Americas, 40th Floor
9  New York, New York 10019
   Telephone: (212) 999-5800
10 Facsimile: (212) 999-5899
11 jmollick@wsgr.com
   jauster@wsgr.com
12
   *Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STEBBINS, | CASE NO.: 3:23-cv-00322-TLT |
| Plaintiff, | **ADMINISTRATIVE MOTION TO STAY DISCOVERY AND INITIAL CASE MANAGEMENT CONFERENCE PENDING RESOLUTION OF GOOGLE'S MOTION TO DISMISS** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | Judge: Hon. Trina L. Thompson |
| | Action Filed: January 20, 2023 |

**ADMINISTRATIVE MOTION**

Pursuant to Civil Local Rules 7-11 and 16-2(d), and Federal Rule of Civil Procedure 26(c), Defendant Google LLC ("Google") respectfully requests an order staying discovery and adjourning the upcoming Initial Case Management Conference, including all attendant deadlines, pending final disposition of Google's Motion to Dismiss (Dkt. 31, the "Motion" or "Mot.").

**BACKGROUND**

Plaintiff, a federally-recognized vexatious litigant, filed this action on January 20, 2023. Dkts. 1, 5. As detailed in Google's Motion to Dismiss, a third-party individual created a YouTube channel—called "Acerthorn The True Acerthorn"—that was critical of Plaintiff, and which used as its "channel icon" a snapshot of Plaintiff's face, copied from a "Livestream" video that Plaintiff had previously posted on YouTube. Mot. at 7-9. Plaintiff alleges that the channel icon is a "prima facie copyright infringement" of his Livestream. *Id.* He asserts a claim against Google (the parent company of YouTube) for vicarious copyright infringement. *Id.*

On March 6, 2023, Google filed a Motion to Dismiss with prejudice, on the grounds that the channel icon at issue is plainly a "fair use" of Plaintiff's Livestream under the four-factor test set forth in Section 107 of the Copyright Act, 17 U.S.C. § 107. Mot. at 9-19. Google also requests that the Court declare Plaintiff a "vexatious litigant," as his home district has already done. *Id.* at 19-25. Plaintiff's opposition is due **March 21, 2023**, and Google's reply is due **March 28, 2023**. The Court has scheduled a hearing for **July 11, 2023**, although Google believes that the Motion can be resolved on the papers. Dkt. 33.

Prior to Google filing its Motion to Dismiss, the Court had already scheduled an Initial Case Management Conference ("CMC") for **April 20, 2023**. Dkt. 24. In advance of that CMC, the parties must meet and confer by **March 30, 2023** and file a Rule 26(f) report by **April 13, 2023**. Dkts. 4, 24.

To avoid unnecessary burden on the parties and the Court, Google respectfully requests that the Court stay discovery and adjourn the CMC, including all attendant deadlines, until after it rules on Google's Motion to Dismiss. As described below, a stay is appropriate because the Motion, if granted, will dispose of the entire case with prejudice. A stay is particularly warranted

given Plaintiff's decade-long history of abusive litigation tactics, including filing frivolous motions that drain judicial and party resources (which he has already done in this case).

## ARGUMENT

### A. District Courts Have Broad Discretion to Stay Discovery Pending Resolution of a Dispositive Motion

"A district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *see also, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989) (as amended) ("The district court has wide discretion in controlling discovery."). Under Federal Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (quoting Fed. R. Civ. P. 26(c)(1)). Courts in this District apply a two-prong test to determine whether good cause exists to stay discovery pending resolution of a dispositive motion. *Yamasaki v. Zicam LLC*, 2021 WL 3675214 (N.D. Cal. Aug. 19, 2021). "First, the moving party must demonstrate that the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* at *1 (citation omitted). "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* (citation omitted). Courts routinely grant motions to stay where the two-factor test is satisfied, as it is here. *See, e.g.*, *Hamilton*, 2011 WL 5085504, at *1 (granting motion to stay where motion to dismiss was "potentially dispositive of the case" and discovery was "unnecessary for resolution of the motion"); *Arcell*, 2022 WL 16557600, at *2 (same); *Yamasaki*, 2021 WL 3675214, at *2 (same); *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (same); *Cal. Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010, at *1 (N.D. Cal. Apr. 28, 2022) (same).

### B. The Two-Factor Test for Staying Discovery is Satisfied Here

Google's Motion to Dismiss, if granted, will dispose of this case. The Complaint asserts a single claim for vicarious copyright infringement. Mot. at 9. Vicarious infringement is a form of secondary copyright infringement. *Id.* To establish secondary infringement, Plaintiff must first establish that the Acerthorn The True Acerthorn channel directly infringed his alleged copyright

in the Livestream. *Id.* Section 107 of the Copyright Act, however, provides that "the fair use of a copyrighted work … for purposes such as criticism [or] comment, … is not an infringement of copyright." 17 U.S.C. § 107. Accordingly, if the challenged image is a fair use of Plaintiff's Livestream, as Google contends, there is no direct infringement and Google cannot be liable for secondary infringement. Mot. at 9-10. That satisfies Factor One. *See, e.g.*, *Arcell*, 2022 WL 16557600, at *1 ("Defendants have established that their motion is 'potentially dispositive' of the entire case, which weighs in favor of granting a stay of discovery until the Court issues a ruling on Defendants' motion to dismiss.") (citation omitted); *Hall*, 2010 WL 539679, at *2 (first factor satisfied where "motion to dismiss, if meritorious, will dispose of the entire case").

Factor Two is also satisfied because Google's Motion can be decided without discovery. Although fair use is a mixed question of law and fact, courts routinely dismiss copyright infringement claims under Rule 12(b)(6) where it is apparent from the face of the complaint, and from the materials incorporated by reference, that the challenged conduct is fair use. Mot. at 10-11 & n.5 (collecting cases). Plaintiff's Livestream, the Acerthorn The True Acerthorn channel, and the allegedly infringing image are all directly referenced and described in the Complaint. *Id.* at 7-9. For good measure, Google's Motion includes copies and/or hyperlinks for all content at issue—including the allegedly-copyrighted Livestream, the allegedly-infringing channel icon, and the web pages on which both items appeared. *Id.*; *see also* Dkts. 31-1 and 31-2. These materials are properly before the Court and, along with the Complaint itself, are all this Court needs to decide the Motion. *See, e.g.*, *Cal. Crane*, 2022 WL 1271010, at *1 (second factor satisfied where no additional discovery was needed to resolve potentially-dispositive motion).

### C.     All Other Relevant Considerations Favor a Stay

In evaluating whether to stay discovery pending a dispositive motion, courts may also consider (i) whether a stay will promote judicial economy and prevent undue burden and expense; (ii) whether any party will be prejudiced by a stay; and (iii) whether a "preliminary peek" at the pending motion suggests that it has merit. *See Arcell*, 2022 WL 16557600, at *1; *Yamasaki*, 2021 WL 3675214, at *2. Each of these considerations favor a stay here.

A stay will spare Google and the Court from devoting unnecessary time and resources contending with Plaintiff's vexatious litigation tactics over a trivial case that is likely to be dismissed. As detailed in the Motion, Plaintiff has a decade-long history of burdening the judicial system with frivolous lawsuits and nonstop, nonsensical motions that have likely wasted thousands of hours of judicial resources. *See* Mot. at 1-7, 19-25. He has been declared a vexatious litigant in his home district because of this misconduct, and numerous other courts have admonished him for the same abusive tactics. *See, e.g.*, *Stebbins v. Stebbins*, 2013 WL 6182991, at *1 (W.D. Ark. Nov. 26, 2013) ("Not only has [plaintiff] filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit."), *aff'd*, 575 F. App'x 705 (8th Cir. 2014); *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012) ("[T]ime spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly."), *aff'd*, 520 F. App'x 589 (9th Cir. 2013); *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (N.D. Cal. filed June 2, 2021) ("*Polano*"), Dkt. 143 at 2 ("Plaintiff's improperly filed motions preempt the use of judicial resources that might otherwise be devoted to adjudicating the meritorious claims of other litigants."); *see also* Mot. at 19-25. In the last year alone, he has been warned at least six times that he risks being declared a vexatious litigant in this District. *Stebbins v. Rebolo*, No. 22-cv-00546-JSW, 2022 WL 2668372, at *3 (N.D. Cal. July 11, 2022) ("*Rebolo*"); *Polano*, 2022 WL 2668371, at *5 (N.D. Cal. July 11, 2022); *id.*, Dkts. 134 at 1, 143 at 1-2, and 147 at 2; *Rebolo*, Dkt. 19 at 2.

This Court has already seen a preview of what is to come in the absence of a stay. In this case, Plaintiff has already filed (i) an ex parte "Motion for Protective Order" in which he preemptively asked the Court to "protect me from having to litigate" against arguments "that I fear [Google's counsel] will make" (Dkt. 11 at 1); (ii) an invalid "Motion to Strike" Google's Motion to Dismiss in violation of Civil L.R. 7-3(a) (Dkt. 32); and (iii) a "Motion for Extension" that would have indefinitely stayed his time to respond to Google's Motion to Dismiss (Dkt. 34), which was promptly denied for lack of good cause (Dkt. 35). These motions, together with Plaintiff's broader history, strongly suggest that if this case proceeds into discovery before a ruling on Google's

1  Motion, he will relentlessly drain party and judicial resources as he has in dozens of prior cases.
2  Granting the requested stay will avoid this undue burden and expense. *See, e.g.*, *Arcell*, 2022 WL
3  16557600, at *1 ("[T]here is good cause to stay discovery at this time because it will promote
4  efficiency and avoid undue burden to Defendants[.]"); *Yamasaki*, 2021 WL 3675214, at *2
5  ("[B]oth party and judicial resources will be most efficiently used if discovery is stayed until the
6  Court decides the pending motion to dismiss.").

7  Nor will Plaintiff be prejudiced by a temporary stay. *Yamasaki*, 2021 WL 3675214, at *2
8  (granting stay where there was "minimal risk of prejudice to either party"). This is not an urgent
9  matter: Plaintiff filed a federal lawsuit because someone posted a small picture of him on YouTube
10 (which itself is copied from a video that Plaintiff had already posted on YouTube). Mot. at 7-9.
11 These circumstances are trivial and unworthy of the Court's time "addressing the genuine, vexing
12 problems that people trust the Court to resolve quickly and fairly." *Stebbins v. Microsoft, Inc.*,
13 2012 WL 12896360, at *1 (admonishing Plaintiff for filing frivolous cases and motions).

14 Finally, a "preliminary peek" at Google's Motion to Dismiss shows that its fair use defense
15 is strong. *Yamasaki*, 2021 WL 3675214, at *2 (granting stay where "Defendant's motion to
16 dismiss presents strong arguments that Plaintiff's causes of action" were meritless). As explained
17 in the Motion, "criticism" is expressly identified by the Copyright Act (17 U.S.C. § 107) as a
18 paradigmatic fair use. Another court in this District has already dismissed a virtually identical
19 claim by Plaintiff against YouTube, finding that a channel icon of his face was "plainly fair use
20 criticism" and that "Plaintiff's attempt to manufacture and pursue ultimately meritless copyright
21 infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the
22 Court system." *Rebolo*, 2022 WL 2668372, at *3. This lawsuit is more of the same. *See* Mot. at
23 11-19. To prevent further "abuse of the Court system," this Court should consider Google's
24 Motion before this case goes any further.

25 **CONCLUSION**

26 For the foregoing reasons, Google respectfully requests that the Court stay discovery and
27 adjourn the Initial Case Management Conference, including all attendant deadlines, until it rules
28 on Google's Motion to Dismiss.

| | |
|---|---|
| Dated: March 16, 2023 | Respectfully submitted, |
| | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By:     *s/ Jason Mollick* |
| | Jason Mollick (*pro hac vice*)<br>Jeremy P. Auster (*pro hac vice*)<br>1301 Avenue of the Americas, 40th Floor<br>New York, New York 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5899<br>jmollick@wsgr.com<br>jauster@wsgr.com |
| | Ryan S. Benyamin<br>1900 Avenue of the Stars, 28th Floor<br>Los Angeles, California 90067<br>Telephone: (424) 446-6913<br>Facsimile: (866) 974-7329<br>rbenyamin@wsgr.com |
| | *Counsel for Defendant Google LLC* |