1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   1900 Avenue of the Stars, 28th Floor
3  Los Angeles, California 90067
   Telephone: (424) 446-6913
4  Facsimile: (866) 974-7329
   rbenyamin@wsgr.com
5

6  JASON MOLLICK (*pro hac vice*)
   JEREMY P. AUSTER (*pro hac vice*)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
9  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899
10 jmollick@wsgr.com
   jauster@wsgr.com
11

12 *Counsel for Defendant Google LLC*

13

14                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
15

16  DAVID STEBBINS,                )   CASE NO.: 3:23-cv-00322-TLT
                                   )
17         Plaintiff,              )   **OPPOSITION TO PLAINTIFF'S**
                                   )   **MOTION TO STRIKE GOOGLE'S**
18      v.                         )   **MOTION TO DISMISS [DKT. 32]**
                                   )
19  GOOGLE LLC,                    )   Judge:  Hon. Trina L. Thompson
                                   )
20         Defendant.              )   Action Filed: January 20, 2023
                                   )
21

22

23

24

25

26

27

28

Plaintiff's antics—which have littered this Court and other District Courts across the country with frivolous, meritless, and wasteful filings—continues unabated. The tactics Plaintiff is already employing in this case are the exact tactics Judge White and numerous other judges have repeatedly warned Plaintiff about, to no avail.

Rather than simply respond to Google's Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant (Dkt. 31, "MTD") in accordance with the Federal and Local Rules, Plaintiff filed a separate Motion to Strike and requested a hearing well in advance of the hearing on Google's motion (Dkt. 32, "MTS"). Plaintiff also emailed the Clerk, imploring the Court to "issue a response promptly" so he would not need to respond to Google's motion. The Court rejected his request, determining that both motions would be heard simultaneously. Dkt. 33. Refusing to take "no" for an answer, Plaintiff then filed a second motion to "extend" his time to respond to Google's motion until after the Court rules upon his own motion—which effectively is not an extension, but a stay of Google's motion pending resolution of his own. Dkt. 34. His only stated basis for the extension was to avoid having to respond to Google's motion, not for any practical purpose such as needing more time to draft his opposition (nor did he request a stipulation from Google's counsel to that effect). *Id.* The Court denied the extension. Dkt. 35.

Plaintiff's motion is procedurally invalid, substantively frivolous, and further proof that he should be declared a vexatious litigant in this District, as his home district has already done. *Stebbins v. Stebbins*, 2013 WL 6182991, at *1 (W.D. Ark. Nov. 26, 2013).

### A.     Plaintiff's Motion to Strike Is Procedurally Invalid

Plaintiff's Motion to Strike is emblematic of his "nonstop, nonsensical motions that have likely wasted thousands of hours of judicial resources" across the country. MTD at 23 (collecting cases and orders admonishing Plaintiff's litigation tactics and motion practice).[1]

---

[1] *See, e.g.*, *Stebbins v. Stebbins*, 2013 WL 6182991, at *1 ("Not only has [plaintiff] filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit."), *aff'd*, 575 F. App'x 705 (8th Cir. 2014); *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012) ("[T]ime spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly."), *aff'd*, 520 F. App'x 589 (9th Cir. 2013); *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (N.D. Cal. filed June 2, 2021) ("*Polano*")
(continued...)

  Plaintiff's latest motion is more of the same. It directly violates Civil L.R. 7-3(a), which states that **"[a]ny evidentiary and procedural objections to [a] motion must be contained within the [opposition] brief or memorandum"** to that motion. Instead, Plaintiff filed a separate Motion to Strike Google's motion, purportedly under Federal Rule 12(f). MTS ¶¶ 2-3. But Rule 12(f) expressly applies to pleadings, not motions. *See, e.g., Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Rule 12(f) provides that 'the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter'. Under the express language of the rule, only pleadings are subject to motions to strike.") (emphasis in original); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, 2016 WL 4436312, at *6-7 (N.D. Cal. Aug. 23, 2016) (denying a vexatious plaintiff's motion to strike defendant's motion to hold plaintiff in contempt, because "Rule 12(f)—which applies only to 'pleadings'—does not provide a basis for the Court to strike the motion"); *Sokoli v. J&M Sanitation, Inc.*, 2015 WL 7720466, at *3 (D. Idaho Nov. 27, 2015) ("Rule 12(f) allows a motion to strike a pleading, not a motion. A motion is not a pleading."); *see also* Fed. R. Civ. P. 7 (defining "pleadings"). If Plaintiff has objections to Google's motion, he must raise them within his single opposition brief, not to exceed 25 pages, within 14 days of Google's motion. Civil L.R. 7-3(a).

  Plaintiff also violated Civil L.R. 7-2(a), which requires hearings to be noticed no less than 35 days after the filing of a motion. Instead, Plaintiff attempted to schedule a hearing on his Motion to Strike for March 17, 2023—just 10 days after filing. Plaintiff claims that when a motion to strike under Rule 12(f)(2) is "done on motion by a party," the court must strike "before the time comes for that party to file its response to the motion." MTS ¶ 2. That is not what the Rule says, which again, applies to pleadings and not motions. Rule 12(f)(2) simply authorizes the filing of a motion to strike a *pleading* before a response to that *pleading* is due. It does not authorize a motion to preemptively strike another motion.

---

Dkt. 143 at 2 ("Plaintiff's improperly filed motions preempt the use of judicial resources that might otherwise be devoted to adjudicating the meritorious claims of other litigants.").

To be clear, Plaintiff knows that he is violating the Federal and Local Rules. He is not an ordinary *pro se* litigant, but rather a serial vexatious litigant who has filed over 40 cases in federal court alone (based on a PACER search). *See* MTD at 19-25. This is emblematic of his well-documented "efforts to manipulate the litigation process and his blatant gamesmanship," as Judge White has already noted. *Polano*, Dkt. 134 at 1.

### B. There Is No Basis to Strike Google's Motion to Dismiss

The substance of Plaintiff's Motion to Strike is frivolous as well. Plaintiff argues that Google's request to declare him a vexatious litigant violates the procedural requirements for Rule 11 motions, because Google filed it jointly with the Motion to Dismiss. MTS ¶¶ 5-6. But Google did not file a motion under Rule 11; Google asks for a vexatious litigant order under the All Writs Act, 28 U.S.C. § 1651(a). MTD at 19-20. Google's motion has nothing to do with Rule 11. *See, e.g.*, *Drevaleva v. McDonough*, 2022 WL 15173728, at *5 (N.D. Cal. Oct. 26, 2022), *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814, at *6 (N.D. Cal. June 1, 2020), and *Frost v. United States*, 2020 WL 1288326, at *9 (N.D. Cal. Mar. 18, 2020) (all issuing vexatious litigant orders in response to motions brought under the All Writs Act, not Rule 11). Nor is Google's motion based on any particular pleading, as is the case with sanctions motions under Rule 11. Google's motion is based on Plaintiff's extended course of conduct that has plagued countless courts across the country for over a decade, including this District (and now this Court). This case is just the latest example.

Plaintiff also asks the Court to strike Google's motion because it recites his history as a vexatious litigant. MTS ¶¶ 22-24. But as explained in Google's motion, Plaintiff's abuse of the court system and copyright law is directly relevant to Google's fair use defense under Section 107 of the Copyright Act, 17 U.S.C. § 107, because the content about which Plaintiff complains is fair use criticism of that same litigation history. *See* MTD at 3-9, 12-15. Plaintiff's litigation history also forms the basis for Google's motion to declare him a vexatious litigant. *Id.* at 19-25. In order to issue such an order, the Ninth Circuit requires that courts create "an adequate record for review" which includes the litigant's filing history. *Id.* at 21-22 (citing, *e.g.*, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007)).

Next, Plaintiff objects to Google's attachment of copies of the allegedly infringing material and the YouTube channel at issue, claiming "[t]his is a flagrant violation of the clearly-established law that the Court must not look beyond the scope of the complaint on a motion to dismiss." MTS ¶¶ 7-14.  Again, any such procedural objection belongs in Plaintiff's opposition, not in a separate motion.  Civil L.R. 7-3(a).  In any event, Plaintiff is wrong.  As Google explains, the Court is authorized to consider matters that are incorporated by reference in the Complaint and that are subject to judicial notice.  In a copyright case, courts routinely consider copies of the content at issue on a motion to dismiss, including on fair use grounds.  *See* MTD at 10-11 & n.5 (collecting cases).  All of the material cited in Google's motion is expressly referenced, relied upon, and hyperlinked in the Complaint.  *See* Dkt. 5 ¶¶ 5-14.  Indeed, the Complaint goes into great detail describing the allegedly infringed video, the allegedly infringing icon, and the other contents of the YouTube channel where that icon appeared (which, again, Plaintiff invited the Court to review through hyperlinks in the Complaint).  *Id.* ¶¶ 36-51.  Plaintiff concedes that this material was "incorporated directly into the complaint," but argues that is somehow no longer true because the channel operator removed the content from YouTube after he filed the Complaint.  MTS ¶ 11.  That makes no sense, and Plaintiff cites no authority in support of this theory.  The content that he incorporates in his Complaint still forms the basis of his lawsuit.  The fact that the content was removed by the channel operator makes no difference, because Plaintiff continues to press his copyright infringement claim against Google based on that same content.

Plaintiff also forgets that he is proceeding *in forma pauperis* under 28 U.S.C. § 1915, which gives the Court "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  Thus, the court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 25, 32 (1992) (citations omitted).

The remainder of Plaintiff's Motion to Strike simply disputes the merits of Google's Motion to Dismiss.  *See* MTS ¶¶ 15-21 (arguing that Google "fails to provide even a scintilla of

evidence" that stifling criticism is his motive for filing abusive copyright claims); *id.* ¶¶ 25-29 (arguing that Factor 4 of the fair use analysis favors him because of a supposed "derivative" market for his content). Plaintiff's disagreement with Google's motion is not a basis for striking it. Those arguments belong in his opposition brief (along with his other procedural and evidentiary objections), to which Google will respond in its reply.

\* \* \*

Plaintiff's effort to preemptively strike Google's motion through a separate motion is wasteful and improper. He has been repeatedly warned that he will be deemed a vexatious litigant if he continues to file such "noncompliant and frivolous motions[.]" *Polano*, Dkt. 147 at 2; *see also* MTD at 1-2 (citing **six** occasions over the last year in which Plaintiff has been so warned). As the Court has now seen, this behavior will continue until Plaintiff is declared a vexatious litigant and subjected to a pre-filing screening order.

Dated: March 16, 2023                    Respectfully submitted,

                                         WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation

                                         By:    *s/ Jason Mollick*

                                         Jason Mollick (*pro hac vice*)
                                         Jeremy P. Auster (*pro hac vice*)
                                         1301 Avenue of the Americas, 40th Floor
                                         New York, New York 10019
                                         Telephone: (212) 999-5800
                                         Facsimile: (212) 999-5899
                                         jmollick@wsgr.com
                                         jauster@wsgr.com

                                         Ryan S. Benyamin
                                         1900 Avenue of the Stars, 28th Floor
                                         Los Angeles, California 90067
                                         Telephone: (424) 446-6913
                                         Facsimile: (866) 974-7329
                                         rbenyamin@wsgr.com

                                         *Counsel for Defendant Google LLC*