David Stebbins (pro se Plaintiff)
123 W. Ridge Ave.,
APT D,
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS, PLAINTIFF

VS.          <u>Case 3:23-cv-00322-TLT</u>

GOOGLE, LLC DEFENDANTS

## **OPPOSITION TO [37] MOTION TO STAY**

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Opposition to the Defendant's Motion to Stay Discovery Pending Resolution of the Motion to Dismiss.

### Defendant's Administrative Motion is procedurally deficient.

1.  The Defendant seeks administrative relief pursuant to, among other rules, Local Rule 16-2(d). This local rule, however, requires the motion to "[b]e accompanied by a proposed revised case management schedule" See L.R. 16-2(d)(3). Defendant's motion does not contain this. Therefore, the motion is procedurally deficient and should be denied without prejudice just on this reason alone, assuming it is not denied with prejudice on other grounds.

### Defendant's Motion to Dismiss is frivolous.

2.  First, it is important to acknowledge that the Defendant's Motion to Dismiss is inherently frivolous, and, as I alluded to in Dkt. 29, ¶¶ 9-17, is most likely designed just to cause inherent delay in the proceedings by not having to file an Answer or engage in discovery. The very motion being litigated here confirms that this is in fact their intention.

3.  Bear in mind that the Motion to Dismiss is not frivolous simply because the defendant believes it is has a case for fair use. It is frivolous because they believe they are entitled to fair use *at the pleading stage*, where the Court must accept as true all allegations in the complaint and construe them in a light most favorable to the defendant. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1975 (2007). Such a motion can only be granted if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to any relief." See id at 1959.

4.  Even if the defense believes in good faith that they have a case for fair use, the case is so undercooked at this stage that the Court cannot possibly make a definitive call, and any competent attorney would instantly see that. Instead, the defendant and its counsel as so blinded by rage and hatred towards me that they cannot see what is literally right in front of them. They fail to see the unanswered questions in their case, despite them being plain as day, and *that* is what makes their motion frivolous.

### The Court has already ruled on a similar issue.

5.  The Defendant cites a two-factor test to determine whether a stay of discovery should be granted. First, they argue that, if the motion to dismiss is granted, no discovery need to conducted. The Court has already ruled on a similar issue in this case. When I asked for an extension of time to respond to the motion, the Court found that it is not grounds to stay

proceedings, simply because the motion being granted negates the need to conduct litigation. See Dkt. 35. Here, the Defendant offers no good reason as to why the Court should issue a different ruling. Therefore, the Court should hold both parties to the same standards, unless a good reason is given for different treatment. It's only fair.

### Factor Two is not satisfied.

6. Next, contrary to the Defendant's position, Factor Two is not satisfied. Defendant argues that its "Motion can be decided without discovery." By "motion," I assume they mean the issue o fair use. If they only mean the motion itself, then sure, that can be decided without discovery. Specifically, it should be *denied* on the grounds that discovery is necessary to determine if the icon is fair use.

7. If, however, the Defendant means that the *issue of fair use* can be decided without discovery (which is by far the more likely interpretation), then the factor is not satisfied. As I pointed out in the Opposition to that Motion (Dkt. 36), there quite a few factual disputes that require discovery to resolve, including but not limited to (A) not just whether there is criticism within the icon, but *how much*[1] criticism the icon contains, (B) whether and to what extent the Defendant and/or direct infringer commercialized, monetized, and profited off the icon, or attempted to do so, (C) whether and to what extent the ATTA channel in its entirety was designed to entertain its target audience, (D) whether and to what extent the individual who ran the ATTA channel acted in bad faith[2], (E) how creative the original video is, (F) whether or not the face that ATTA copied for its icon is in fact the "heart" (aka the most memorable aspect) of the original video, (G) whether and to what extent the icon intrudes upon my right to license derivative works, (H) whether and to what extent me providing my business email on my YouTube channel constitutes an "available" and "affordable" licensing mechanism, and many, many other things.

8. Therefore, it would be egregiously improvident for the Court to make a dispositive call on fair use at this stage. The Defendant appears to hold the belief that, as long as there is a nonzero amount of criticism in the icon, that's automatically fair use, to the exclusion of all other

---

1 The latter is what truly matters; see Dkt. 36, ¶ 16. See also Campbell v. Acuff-Rose Music, Inc., 510 US 569, 579 (1994) (finding that the first factor hinges on "whether **_and to what extent_** the new work is 'transformative' … the more transformative the new work, the less will be the significance of other factors") (emphasis added).
2 This is still at least partially relevant; see Dkt. 36, ¶¶ 37-47

factors. But this belief that fair use is that easy to get is nothing short of delusional and reeks of self-entitlement. It is well-established case law that, on a fair use determination, ALL of the factors need to be considered *holistically*! As such, the defendant's wholesale failure to even consider in any capacity the multitude of sub-factors that unequivocally weigh against fair use constitutes a blatant and intentional attempt to avoid accountability by getting the case over with so quickly that the Court doesn't have a chance to think about anything else.

9.      This, according to the case law the Defendant cites, singlehandedly defeats the Defendant's motion, even if all other factors are satisfied. According to the Defendant's citation, both of the first two factors must be met before the Court has discretion to order a stay. The three subsequent factors weigh in favor of granting the stay, but the first two factors must both be met before a potential stay is even on the table. Because one factor is not met, that kills the Defendant's motion dead.

### Judicial economy favors going forward with discovery.

10.     After this, the defendant claims that "all other relevant considerations favor a stay." They only list three, and all three of them are not met here. First, judicial economy is not at stake here, because discovery is typically handled with only minimal oversight by the Court, who typically only intervenes directly to resolve motions to compel discovery.

11.     The Defendant cites Rule 26(c), pointing out that a limitation on discovery can be ordered in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," but they have not shown that they are likely to suffer any annoyance, embarrassment, or expense, at least not any that is unjustified. If the parties conduct discovery, I demand that the Defendant show proof that I am *just* attempting to silence online criticism, and that the icon does not intrude upon my right to control derivative markets, and then they are forced to admit that they just made it all up, then yes, that would indeed be quite embarrassing for them. But that is not the kind of embarrassment that rule 26(c) was designed to protect against.

### I will still be prejudiced by continued baseless accusations.

12.     This is also the same reason why there will indeed be prejudice if discovery is delayed.

The longer discovery is delayed, the longer the defendant is enabled to simply level their wholly unsubstantiated accusations against me without proof. The sooner we get to discovery, the sooner the Defendant will have no choice but to admit that they made it all up. The Defense knows this, and that's why they are frantically moving for a stay. So the Defendant's insistence that the parties will not be prejudiced by a stay of proceedings is frivolous, because I will indeed be prejudiced, not by my inability to receive belated compensation for an infringement of my copyright, but because, if a stay is implemented, the Defendant will be able to continue publishing outlandish libel about me, and that is harmful and prejudicial, per se.

The delay is much longer here than in Yamasaki.

13.     The Defendant cites the unpublished case of Yamasaki v. Zicam in support of its motion. However, in that motion, the Court found a lack of prejudice because the motion "will be fully briefed next month[3]." By contrast, *this* case's motion to dismiss is not scheduled to be heard until July. This creates a much greater delay and therefore a much greater prejudice. The judge in Yamasaki even acknowledged that, should a greater delay occur (as will almost certainly happen here), that would be grounds for lifting the stay, when it issued the following footnote:

> "Once the motion to dismiss is fully briefed and argued, the Court may reconsider whether the discovery stay should continue through the resolution of the motion to dismiss, or whether some alternative approach is warranted under the circumstances."

14.     Therefore, even by the precedent the Defendant itself cites, the parties do indeed stand to be prejudiced.

**A "preliminary peek" at the pending motion does NOT show that it has merit.**

15.     The Defendant insists that a "preliminary peek" at the motion to dismiss shows that "its case for fair use is strong." However, a preliminary peek at the Opposition to the Motion clearly shows the complete opposite: That the case for fair use requires further factual development, to put it mildly. The defendant's case for fair use relies entirely on laser-focusing on a handful of sub-factors (many of which are only nominally present in the best case scenario), while ignoring wholesale the vast majority of other sub-factors and just pretending they don't actually exist.

---

[3]  See https://casetext.com/case/yamasaki-v-zicam-llc-2

16.     Even the few sub-factors they do address, such as criticism, they have to rely heavily on hindsight, knowledge that the reasonable person wouldn't have access to, in order to glean any "critical" content out of the two words that no reasonable person would piece together on their own[4]. Even then, the "criticism" they were able to glean out of the icon is minimal at best, which, as I pointed out in the Opposition, can be overcome through the totality of the circumstances which remain to be litigated.. This is a very weak case for fair use.

17.     If anything, the Court cannot say, based on a "preliminary peek" that the motion to dismiss has a very high chance of being granted.

18.     In Yamasaki, the Court was able to make a finding based on a "preliminary peek" because the case at hand involved issues of law that were "well settled" and where the Complaint had issues that "could prove difficult for Plaintiff to overcome, even with leave to amend." See id at p. 2. Fair use, by contrast, is widely regarded as "one of modern law's most fascinating and troubling doctrines ... amorphous and vague, as well as notoriously difficult to apply." See https://lawreview.uchicago.edu/print-archive/dual-grant-theory-fair-use-0.

19.     Even the Defendant itself admits on its own website that "[t]here's no magic formula" to fair use. See **Exhibit A**. See also https://youtu.be/1PvjRIkwIl8.[5]

20.     Therefore, to suggest that the Court can confidently find a "strong case" for fair use just on a "preliminary peek" at the motion to dismiss, is, in a word, preposterous, especially when the Court takes a similar "preliminary peek" at the Opposition.

## Conclusion

21.     It is abundantly clear that the defendant is just seeking to stall for time. They should not be permitted to do this.

22.     Wherefore, premises considered, I respectfully pray that their motion be denied, and for any other relief to which I may be entitled.

---

4  As evidenced by the fact that not one, but two impartial tribunals have already failed to see it when they reviewed this case for sufficiency of claim.

5  timestamp 1:23 – 1:26 ("Determining fair use is NEVER a cut and dry process"); timestamp 2:13 – 2:18 ("There is NO GUARANTEE you'll qualify for fair use, just because you take these factors into account"); timestamp 2:20 – 2:27 ("Just because you ... only use a small portion of the copyrighted material, that does not mean you automatically qualify for fair use").

Submitted on March 20, 2023.

/s/ *David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D,
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com