David Stebbins (pro se Plaintiff)       123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                    PLAINTIFF

VS.                                  Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                  DEFENDANTS

## REPLY TO OPPOSITION TO MOTION TO STRIKE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to
Dkt. 38, the Defendant's Opposition to Motion to Strike.

**A motion to dismiss can indeed be the subject of a motion to strike.**

1.      The Defendant's insistence that a motion to strike cannot be used against a motion to
dismiss is frivolous. If it could only be used against an Answer, then the language on which I rely
would have been a part of FRCP 7, not FRCP 12 (the same rule that covers motions to dismiss
for failure to state a claim).

2.      "Pleading" refers to more than just a Rule 7(a) pleading. It refers to just about any written
instrument filed with the Court that is intended to alter the litigation in any way, shape, or form,
including, but not limited to, Rule 7(a) pleadings, motions, oppositions to motions, replies to
oppositions, various notices, stipulations, etc.

3.      I've already had one of the Defendant's motions to dismiss stricken in the past on this
exact same legal theory. See Case 4:21-cv-04184-JSW (Stebbins v. Polano), Dkt. 130 & Dkt.
134. So the Defendant knows that my Motion to Strike, here, is not invalid simply because it is
directed towards a motion to dismiss.

4.      The Defendant's actual knowledge of the frivolousness of this defense is further
highlighted when they go on to say "Nor is Google's motion based on any particular pleading, as
is the case with sanctions motions under Rule 11." Everyone knows that Rule 11 can apply to
motions as well as Rule 7(a) pleadings. Therefore, the Defendant must know that the definition
of "pleading" is indeed as broad as I state in ¶ 2 of this Reply.

5.      But even if we accept Defendant's frivolous assertions of law, what they say is, quite literally, a lie. They insist that their motion to dismiss is not based on "any particular pleading," but it clearly is. It is based on the Complaint, which, as a Rule 7(a) pleading, still fits within even the Defendant's ultra-narrow definition of a pleading. Therefore, the Defendant is lying and should be sanctioned for lying.

6.      Next, the Defendant insists that my litigious history is "directly relevant" to their fair use claim, but it really isn't. If (and this is a big if) they can prove that the icon provides criticism of my *perceived* litigious history (which they likely cannot do, for reasons I discussed in Dkt. 36, ¶¶ 17-24), then that alone should be good enough to provide transformative content.

7.      The accuracy of the basis for the criticism is not a factor in a fair use determination. For example, imagine if someone were criticizing Johnny Depp for being a wife-beater, using some of his copyrighted content during the criticism. Even if he shows proof (e.g. the fact that he won the lawsuit against Amber Heard for defamation) that the allegations of him being a wife-beater are false, that still would not undermine the defendant's fair use claim. At best, it would be grounds for another defamation claim, but even then, he (Depp) would have trouble proving that the defendant knew the allegations were false (which, as a public figure, he would have to prove in order to prevail on defamation).

8.      The same thing applies here. The test for fair use does not hinge on *whether* I am a litigious person, but whether (A) the direct infringer *perceives* me as a litigious person and (B) is providing criticism *based on that perception*. The test for fair use then further hinges on whether or not the direct infringer has effectively provided criticism accordingly, and *that* is the issue that remains to be litigated. But that is different from my *actual* litigious history.

9.      As a result, actually providing proof of my litigious history is not actually relevant. All it does is muddy the waters and confuse the issues. Therefore, to the extent it might be relevant, it is still inadmissible under FRE 403.

**Denton v. Hernandez is far more limited than what the Defendant alleges.**

10.     The Defendant then goes on to state that, as an in forma pauperis plaintiff, the Court has the ability to pierce the veil of the complaint's factual allegations. They cite Denton v.

Hernandez, 504 US 25 (1992) in support of their allegations. However, that same precedent makes clear that this limited exception does not, in fact, give district courts carte blanche to find the Plaintiff's factual allegations to be frivolous simply because the judge, personally, does not like the allegations or sees a few holes in the Plaintiff's story, like the Defendant alleges. See id at 32-33:

> "As we stated in Neitzke, a court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be strange, but true; for truth is always strange, Stranger than fiction." (citations and quotations omitted).

11.     The factual allegation in the Complaint that the Defendant disagrees with is when I allege that "ATTA cropped out most of the stuff that could, conceivably, have rendered the meme transformative. What we are left with is a mish-mash of nebulous 'stuff' simply slapped onto my face. That is not good enough to be considered fair use." See Dkt 5, ¶ 40. That is not a "fanciful," "fantastic," or "delusional" allegation. It is not "irrational" or "wholly incredible." It is a perfectly plausible allegation. Therefore, the Court must accept it as true for purposes of a motion to dismiss.

12.     Then, I allege that the majority of the channel's video library consisted of verbatim re-uploads of my videos and/or clips of my videos with no alterations or modifications whatsoever. See Dkt. 5, ¶¶ 45-48. Again, this is not the sort of "clearly baseless" allegation that enables the Court to make a contrary finding of fact in the absence of judicially noticeable evidence.

**The icon is not "clearly" fair use.**

13.     In the instant case, the Defendant's claim that my complaint is "clearly baseless" to the extent it supposedly triggers the applicability of Netizke and Denton rests on their belief that the mere addition of even a slight amount of arguably critical content is automatic grounds for a fair

use defense, to the exclusion of all other factors. This is a belief about fair use that has been repeatedly shot down by courts all over the nation, for *decades*. Even as far back as 1990, Pierre Leval, in his treatise "Toward a Fair Use Standard," recognized the pervasiveness of this sense of self-entitlement and acknowledged how frivolous it was:

> "A biographer or critic of a writer may contend that unlimited quotation enriches the portrait or justifies the criticism. The creator of a derivative work based on the original creation of another may claim absolute entitlement because of the transformation. Nonetheless, extensive takings may impinge on creative incentives. And the secondary user's claim under the first factor is weakened to the extent that her takings exceed the asserted justification. The justification will likely be outweighed if the takings are excessive and other factors favor the copyright owner." See Leval at 1111-12.

14.    That was back in 1990, before the rise of the Internet and social media caused this "fair use absolutism" to become more widespread than ever before. So I can only imagine how tiresome it must be nowadays for Courts and lawyers to have to sift through tens of thousands of cases a year that are based on this frivolous belief about how easy fair use is to obtain.

15.    Put simply, the Defendant has not shown good cause for why this Court should invoke the limited exception to a complaint's factual allegations mentioned in Denton, and their belief that they have shown this is nothing but self-entitlement on their part.

## Conclusion

16.    Wherefore, premises considered, I respectfully pray that the Motion to Strike be granted, and for any other relief to which I may be entitled.

So requested on this, the 22nd day of March, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)