RYAN S. BENYAMIN, State Bar No. 322594
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

JASON MOLLICK (*pro hac vice*)
JEREMY P. AUSTER (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STEBBINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | CASE NO.: 3:23-cv-00322-TLT<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO STATEMENT OF RECENT DECISION [ECF 42]**<br><br>Action Filed: January 20, 2023 |

Plaintiff's "Statement of Recent Decision" (Dkt. 42) offers—at best—a distorted representation of Judge White's March 28, 2023 Order in the S*tebbins v. Rebolo* litigation (Case No. 4:22-cv-00546-JSW, Dkt. 30, the "Order"). As discussed in Google's pending Motion to Dismiss (Dkt. 31), Judge White previously dismissed Plaintiff's copyright claims in *Rebolo* in a screening order under 18 U.S.C. § 1915(e)(2)(B), finding that "much of the alleged infringement is plainly fair use criticism" and that "Plaintiff's attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the Court system." *Stebbins v. Rebolo*, No. 4:22-cv-00546-JSW, 2022 WL 2668372, at *3 (N.D. Cal. July 11, 2022); *see also* Dkt. 31 at 2, 5-7, 11, 14. Plaintiff argues that because the new Order vacates Judge White's previous judgment in *Rebolo*, it renders Google's "argument" about *Rebolo* "no longer valid." Dkt. 42 at 1. That is incorrect.

The Order expressly rejects each of Plaintiff's substantive arguments for reconsideration of Judge White's earlier dismissal order and entry of final judgment. *See* Order at 2-3. While it vacates the judgment and permits Plaintiff a "final opportunity" to attempt to amend *certain* claims, it does so only "in light of the Ninth Circuit's admonition that *pro se* litigants should be granted leave to amend[.]" Order at 3. Indeed, the Order expressly states that "Plaintiff has not provided any additional information suggesting that he can cure the defects in his pleading through amendment, and the Court has doubts about his ability to do so." *Id.* In short, nothing in Judge White's *Rebolo* Order renders Google's discussion of *Rebolo* invalid or supports Plaintiff's copyright claim in this case.[1]

---

[1] Judge White also issued an order in the *Stebbins v. Polano* case on March 28, 2023, which fully denied Plaintiff's motions for reconsideration and relief from judgment. Case No. 4:21-cv-04184-JSW, Dkt. 186. Plaintiff's Statement does not mention or attach that order.

Dated: March 30, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:     s/ Jason Mollick

Jason Mollick (*pro hac vice*)
Jeremy P. Auster (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

Ryan S. Benyamin
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

*Counsel for Defendant Google LLC*