1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   1900 Avenue of the Stars, 28th Floor
3  Los Angeles, California 90067
   Telephone: (424) 446-6913
4  Facsimile: (866) 974-7329
5  rbenyamin@wsgr.com

6  JASON MOLLICK (*pro hac vice*)
   JEREMY P. AUSTER (*pro hac vice*)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  1301 Avenue of the Americas, 40th Floor
9  New York, New York 10019
   Telephone: (212) 999-5800
10 Facsimile: (212) 999-5899
11 jmollick@wsgr.com
   jauster@wsgr.com
12
   *Counsel for Defendant Google LLC*
13

14                  UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA

16  DAVID STEBBINS,                )   CASE NO.: 3:23-cv-00322-TLT
17                                 )
                                   )
18          Plaintiff,             )   **DEFENDANT GOOGLE LLC'S**
                                   )   **MOTION TO EXTEND TIME**
19      v.                         )   **PURSUANT TO L.R. 6-3**
                                   )
20  GOOGLE LLC,                    )   Judge: Hon. Trina L. Thompson
                                   )
21          Defendant.             )
                                   )   Action Filed: January 20, 2023
22                                 )
                                   )
23  _____  )

**MOTION TO EXTEND TIME**

Pursuant to Civil Local Rule 6-3 and Federal Rule of Civil Procedure 6(b)(1), Defendant Google LLC ("Google") respectfully requests an order extending its April 17, 2023 deadline to file an opposition to Plaintiff's Partial Motion for Summary Judgment (Dkt. 49, the "Motion" or "Mot.") until **July 17, 2023**. This Motion to Extend Time is supported by the accompanying Declaration of Jeremy P. Auster (the "Auster Decl.").

**INTRODUCTION**

Plaintiff continues to litter the Court's docket with baseless make-work motions. His latest purports to be a Rule 56 Motion for Partial Summary Judgment. What it is, in fact, is a disguised and improper surreply to Google's pending Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant (Dkt. 31, the "Motion to Dismiss" or "MTD"). Google's Motion to Dismiss argues, *inter alia*, that the context of the YouTube channel where the allegedly-infringing channel icon appeared confirms that the icon is a fair use under the Copyright Act. *See* MTD at 13-14; Dkt. 41 (Reply ISO MTD) at 1, 4-5. Plaintiff's Summary Judgment Motion asks for a declaration that the "broader context" of the channel is "entirely irrelevant" to the fair use analysis (Mot. ¶¶ 28-29); it is a ***direct response*** to Google's argument.

But Google's Motion to Dismiss is already fully briefed, and this Court has not authorized additional briefing (nor should it). *See* L.R. 7-3(d). Plaintiff should not be permitted to multiply these proceedings by supplementing his opposition to Google's Motion to Dismiss with a purported (and meritless) Rule 56 motion that cites no facts, evidence, or legal authority. Google previously warned that "Plaintiff will likely attempt to file an unauthorized surreply of some form" (Dkt. 41 at 15 n.4), and now he has. The Motion is the latest example of what Judge White described as Plaintiff's "efforts to manipulate the litigation process and his blatant gamesmanship." *Stebbins v. Polano*, No. 4:21-cv-04184-JSW (N.D. Cal. filed June 2, 2021), Dkt. 134 at 1.

The Court has already continued the hearing on Plaintiff's Motion to **August 8, 2023**, nearly a month after the **July 11** hearing on Google's Motion to Dismiss. Dkts. 33, 50. Google respectfully requests a commensurate extension of its deadline to file an opposition to the

Motion—from April 17, 2023 to **July 17, 2023**. As described below, good cause exists to grant the requested extension.

### GOOD CAUSE EXISTS TO EXTEND GOOGLE'S OPPOSITION DEADLINE

Pursuant to Local Rule 6-3, this Court has discretion to enlarge a party's deadline to oppose a motion where the parties cannot reach a stipulated agreement. *See also* L.R. 6-1(b); *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation[.]"). Local Rule 6-3 requires that a motion to enlarge time be supported by a declaration that: (1) "Sets forth with particularity the reasons for the requested enlargement or shortening of time"; (2) "Describes the efforts the party has made to obtain a stipulation to the time change"; (3) "Identifies the substantial harm or prejudice that would occur if the Court did not change the time"; (5) "Discloses all previous time modifications in the case, whether by stipulation or Court order"; and (6) "Describes the effect the requested time modification would have on the schedule for the case." L.R. 6-3(1)-(3), (5)-(6).

**The reasons for the requested extension.** As described above, Plaintiff's Motion seeks to improperly relitigate a legal issue (fair use) that has already been thoroughly briefed in connection with Google's pending Motion to Dismiss. The Motion to Dismiss, if granted, will therefore render Plaintiff's Motion completely moot. Auster Decl. ¶ 3. As such, Google should not be required to expend time and resources responding to Plaintiff's Motion while the Motion to Dismiss is pending. *Id.* The Motion to Dismiss is scheduled for hearing on **July 11**, and the Court has already continued the hearing on Plaintiff's Motion until **August 8**. Dkts. 33, 50. Extending Google's deadline to oppose the Motion until **July 17**, after the Motion to Dismiss is heard, will prevent undue burden and expense and promote judicial economy. Auster Decl. ¶ 3.

**Efforts to obtain a stipulation to the time change.** On April 3, 2023, counsel for Google emailed Plaintiff to ask if he would stipulate to an adjournment of Google's deadline to oppose Plaintiff's Motion until after Google's pending Motion to Dismiss is heard. Auster Decl. ¶ 2. Plaintiff would not state whether or not he would consent to the adjournment. *Id.* Counsel for Google sent two follow-up emails reiterating its request. *Id.* Plaintiff did not answer those emails.

**The substantial harm or prejudice that would occur if the Court did not change the time.** It would be harmful and prejudicial to force Google to expend unnecessary time and resources responding to Plaintiff's frivolous "summary judgment" Motion that will be mooted if Google's pending Motion to Dismiss is granted. Auster Decl. ¶ 4. The Motion is consistent with Plaintiff's decade-long history of burdening the judicial system with frivolous lawsuits and motions. *See* MTD at 19-25 (describing Plaintiff's litigation history). Tactics like this are why Google has requested that Plaintiff be declared a vexatious litigant in this District (as he already has been in his home district). *Id.*

Additionally, there will be no harm or prejudice to Plaintiff from Google's requested extension. Auster Decl. ¶ 4. If Plaintiff's copyright claim survives the Motion to Dismiss, then Plaintiff's Motion will be fully briefed before the **August 8** hearing date and can remain on calendar.

**Disclosure of all previous time modifications in the case, whether by stipulation or Court order.** This is Google's first request for an extension of a briefing deadline in this case. Auster Decl. ¶ 5. On April 3, 2023, the Clerk issued a *sua sponte* notice continuing the hearing on Plaintiff's Motion until August 8, 2023. Dkt. 50. Recognizing that Google's Motion to Dismiss may dispose of the entire case, this Court also issued an Order on April 3 staying discovery pending the resolution of Google's Motion to Dismiss and adjourning the deadlines to file case management statements and conduct the initial Case Management Conference until July 20, 2023 and July 27, 2023, respectively (*i.e.*, after the July 11 Motion to Dismiss hearing). Dkt. 50.[1]

**The effect the requested time modification would have on the schedule for the case.** If Google's requested extension is granted, Google's opposition to Plaintiff's Motion will be due **July 17, 2023** and Plaintiff's reply will be due **July 24, 2023**. L.R. 7-3(c). Auster Decl. ¶ 5. The modification will not affect the **August 8** hearing date on Plaintiff's Motion, or any other forthcoming deadlines in this case. *Id. See Burlington Ins. Co. v. Hotel Sunrise, LLC*, No. C07-

---

[1] The Clerk also previously issued *sua sponte* notices continuing the hearings on Plaintiff's Motion for Protective Order and Motion to Strike Google's Motion to Dismiss to June 13, 2023 (Dkt. 28) and July 11, 2023 (Dkt. 33), respectively.

04625 MJJ, 2007 WL 4259318, at *1 n.1 (N.D. Cal. Dec. 2, 2007) (extension of deadline under Local Rule 6-3 is "appropriate" where extension "would result in no appreciable delay in the schedule of this case or the underlying action, nor would Plaintiffs be prejudiced").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court extend its deadline to file an opposition to Plaintiff's Motion from April 17, 2023 to **July 17, 2023**.

Dated: April 5, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ *Jeremy P. Auster*

Jason Mollick (*pro hac vice*)
Jeremy P. Auster (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

Ryan S. Benyamin
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

*Counsel for Defendant Google LLC*