David Stebbins (pro se Plaintiff)   123 W. Ridge Ave., APT D, Harrison, AR 72601 (870) 212-4947   acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                  PLAINTIFF

VS.                                     Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                                       DEFENDANTS

### EMERGENCY MOTION FOR LEAVE TO APPEAR REMOTELY OR IN THE ALTERNATIVE TO RECUSE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion to Recuse or in the Alternative for Leave to Appear Remotely for all non-written proceedings in the above-styled action.

**Emergency Status**

1. The hearing is set one week from today. Therefore, this Motion cannot wait. It must be ruled on immediately.

**Remote Appearance**

2. On February 10, 2023, I filed a Motion for Protective Order, asking for the Defense to be admonished not to make up accusations against me with absolutely no evidence to support them. See Dkt. 11. When I filed the motion, I initially set the motion to be heard by "videoconference only." See **Exhibit A**.

3. When Judge Thompson was assigned to the case, the hearing for this motion was re-assigned to June 13, 2023. See Dkt. 28.

4. Judge Thompson's courtroom deputy, Robert McNamee, advised the parties over email that the Court planned to rule on this motion on the papers only, and that the hearing date was merely a placeholder. See **Exhibit B.**

5. However, earlier today, on June 6, 2023, Jeremy Auster, co-counsel for the defense, sent an email to Mr. McNamee seeking leave to attend the hearing remotely. See **Exhibit C**. I submitted a response, seconding his request and requesting that same leave for myself. See

**Exhibit D**. However, Mr. McNamee quickly responded, stating that the hearing was "in person only" and that "Remote appearances are not allowed." See **Exhibit E**. Apparently, the Court has changed its mind about ruling on the motion "on the papers only."

6. However, I am utterly incapable of attending in person. The Court can see my in forma pauperis application. It can clearly see that I do not have anywhere close to the finances needed to make this trip to California from my current location. Expecting me to do so is ludicrous.

7. This is doubly so when you remember that, when I filed the motion in the first place, I clearly scheduled it to take place by video conference. Then the Court swooped in and changed that for no reason. At first, it was supposed to issue a ruling on the papers only, but now that this is no longer in the cards, expecting me to attend in person is, effectively, stripping me of access to the Courts.

8. Even if I had the finances to appear in person, by this point, it is ludicrous to expect me to make those travel arrangements with only one week's notice.

9. To remedy this, I ask the Court grant me (and Jeremy Auster, too) leave to appear remotely. Auster may have co-counsel who can appear and argue in his place, but I do not have that. For me, it's remote appearance or nothing.

**Recusal**

10. If the Court refuses to grant this modest and reasonable accommodation (which, as a reminder, is an accommodation that *both parties* are requesting), then the Court has displayed a bias against me that would render fair judgment impossible. The Court is required to recuse itself in this case. See Liteky v. United States, 510 US 540. 555 (1994) (holding that recusal is required, even for on-record statements, when the Court's actions "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible").

11. Unless the Court can articulate a *genuinely good reason* why remote attendance simply cannot work, even against the express wishes of both parties, then I can think of only one reason why the Court would insist on conducting this hearing in-person only when *both* parties are requesting that it be remote: It knows about the aforementioned financial hardship. It knows about my complete inability attend in person, and it is intentionally setting out to manufacture an

event where I failed to attend in-person as ordered, and so the Court has an excuse to throw my case out, not because my case lacked merit, but because I "failed to appear."

12. In other words, the Court most likely wants an excuse to throw my case out, simply because "David Stebbins" is the plaintiff, simply because it holds a grudge against me for something.

13. And I think I know what that "something" is. On April 11, 2022, in Case 4:21-cv-04184-JSW (Stebbins v. Polano), I issued a voluntary dismissal under Fed.R.Civ.P. 41(a). The judge in that case – Jeffrey White – took great exception to me filling that dismissal, and made no secret that he hates my guts because of it. Since issuing that dismissal, my treatment at the hands of nearly every judge in this Court has taken a nosedive. Prior to that dismissal, the judges of this Court issued rulings on my motions with competence and fairness, even if they didn't always side with me. But since then, judges have taken months and months to issue rulings on even the most preliminary of motions (such as issuing service of process to the Defendants even after their names and addresses became known). Meanwhile, Judge White in particular became increasingly frustrated and callous in his dealings with me … all because of that voluntary dismissal that he didn't like.

14. At least when it comes to Jeffrey White, his grudge against me because of this dismissal is proven *by his own admission*. He admits, on the record, to holding this grudge against me. So I don't even have to prove it.

15. However, for the Court to hold a grudge against me over that is an egregious violation of my constitutional rights. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional." Bordenkircher v. Hayes, 434 US 357, 363 (1978).

16. This is doubly suspicious in the instant case, where there is honestly no good reason (at least no obvious one) as to why remote attendance is not feasible in this case. If there was, I doubt Jeremy Auster would be making this request, since, unlike me, he is an attorney and typically can intuit how a judge thinks. Is there a genuinely good reason why the hearing *has* to

be in-person only, other than it just being "the way we're doing it this time?" If there is, then by all means, articulate that reason. But I doubt it.

17.     Since the evidence is more likely than not that the Judge is acting this way due to holding a grudge against me for issuing the voluntary dismissal, I ask that Judge Thompson recuse herself from the proceedings.

So requested on this, the 6th day of June, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
