UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.  23-cv-00322-TLT<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>Re: ECF No. 11 |

       Pending before the Court is Plaintiff David Stebbins's ex parte motion for protective order. ECF No. 11.  Defendant appeared in this action after the filing of this motion and timely opposed. ECF No. 18.  Plaintiff replied.  ECF No. 29.  Having reviewed the parties' filings, the Court finds that this motion can be resolved without oral argument.  *See* Civ. L.R. 7-1(b).  For the reasons below, Plaintiff's motion is **DENIED**.

       Plaintiff requests the Court to "to caution the defendants [against] bad faith allegations without any facts or evidence to back them up." Mot. at 3, ECF No. 11.  In addition, Plaintiff "ask[s] that the Court warn the defendants to exercise caution when bringing up any previous bad acts (including [Plaintiff's] past litigation) in order to smear [Plaintiff]." *Id.* at 5.

       As an initial matter, Plaintiff's motion does not adhere to the local rules.  Plaintiff's ex parte motion "must include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought."  Civ. L.R. 7-10.  However, Plaintiff does not include citation to any authority that would permit Plaintiff's instant motion.  Even if the motion "can't wait," as Plaintiff argues, Plaintiff must nevertheless adhere to the local rules.  *See Joerger v. Reno*, 112 F.3d 516, 516 n.1 (9th Cir. 1997) ("A pro se litigant is obligated to 'follow the same rules of procedure that govern other litigants.'") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  Although Defendant appeared and opposed this motion subsequent to Plaintiff's

1   filing, Plaintiff did not adhere to the rules when this motion was filed.

2         Additionally, Plaintiff does not cite to authority that supports the relief he seeks. Plaintiff
3   argues that he is "not asking for a lot" and essentially seeks prospective relief to prevent
4   Defendant from making "bad faith per se arguments." Mot. at 1. However, parties are already
5   under the obligations described in Rule 11. As stated therein:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

17   Fed. R. Civ. P. 11(b). At this time, there is no indication that Defendant violated Rule 11.
18   Accordingly, the Court does not find it necessary to reiterate the parties' duties under Rule 11.

19         Plaintiff's argument regarding Defendant's counsel's behavior in another action is
20   unpersuasive. Plaintiff's other action that he cites in his papers—*Stebbins v. Polano*, No. 21-cv-
21   04184-JSW (N.D. Cal. Jun. 2, 2021)—does not involve Defendant. The Court is unclear how that
22   case, found to be unrelated to this one, supports the instant motion.

23         Plaintiff's reliance on *Malibu Media* is inapposite. There, the court found that the
24   defendant insufficiently pled a defense of unclean hands because it was not related to the actual act
25   of copyright infringement in that case. *Malibu Media, LLC v. Lee*, No. 12-CV-3900, 2013 WL
26   2252650, at *9 (D.N.J. May 22, 2013). Instead, the defense was based only on evidence that the
27   plaintiff had "filed several hundred copyright infringement lawsuits to allegedly generate revenue
28   via settlement negotiations, and ha[d] further failed to reasonably investigate the identity of any

1  actual infringer." *Id.* However, Defendant has not yet filed an answer in this case and it would be
2  speculative for the Court to entertain any arguments regarding what Defendant's defenses may be.
3  Plaintiff's remaining arguments appear to be regarding the merits of Plaintiff's copyright
4  claim. *See* Reply at 3 ("Before I sign off, I have one last thing I wish to discuss: The defendant
5  should be held to a higher standard, under Fed.R.Civ.P. 11 [sic], when filing a Motion to Dismiss
6  for Failure to State a Claim than when they are filing any other motion."), ECF No. 29. The Court
7  does not address these arguments as they are not relevant to the instant motion.
8  Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's motion for
9  protective order. The Court notes that Plaintiff's papers do not adhere to the formatting
10 requirements for papers filed in this District. *See* Civ. L.R. 3-4. As previously discussed, Plaintiff
11 must adhere to the rules of procedure. *See Joerger*, 112 F.3d at 516 n.1.
12 The Court advises Plaintiff that assistance is available through the Legal Help Center.
13 Parties can make an appointment to speak with an attorney who can provide basic legal
14 information and assistance. The Help Center does not see people on a "drop-in" basis and will not
15 be able to represent parties in their cases. There is no charge for this service. The Help Center's
16 website is available at https://cand.uscourts.gov/legal-help.
17 This Order terminates ECF No. 11. The parties next appear before the Court on July 11,
18 2023, for an in-person hearing on Defendant's motion to dismiss and Plaintiff's motion to strike,
19 unless formally excused by the court. If the parties wish to submit the matter based upon their
20 filings, each party is encouraged to notify the Court in writing. *See* ECF Nos. 31, 32.
21 **IT IS SO ORDERED.**
22 Dated: June 5, 2023

TRINA L. THOMPSON
United States District Judge