UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 23-cv-00322-TLT<br><br>**ORDER DENYING AS MOOT EMERGENCY MOTION FOR LEAVE TO APPEAR REMOTELY; DENYING MOTION TO RECUSE**<br><br>Re: ECF No. 53 |

　　　　Pending before the Court is Plaintiff David Stebbins's "emergency motion for leave to appear remotely or in the alternative to recuse." ECF No. 53.

　　　　Plaintiff seek to appear remotely for a hearing on Plaintiff's motion for projective order, scheduled for June 13, 2023. As the Court has resolved that motion, Plaintiff's instant motion is **DENIED AS MOOT**. *See* ECF No. 54. The Court notes, however, that Plaintiff provided no good cause and cited to no authority that would allow Plaintiff to style the instant motion as an "emergency motion." All hearings are held in-person. *See* Standing Order for Civil Cases Before District Judge Trina L. Thompson ¶ 4. Plaintiff should have been aware of this since Plaintiff re-noticed the motion on February 22, 2023. *See* ECF No. 25. As such, Plaintiff may not contravene the Civil Local Rules by filing the instant motion on June 6, 2023, setting a response date of June 7, 2023, a reply date of June 8, 2023, and a hearing date of June 9, 2023. Plaintiff must abide by all rules of procedure. *See Joerger v. Reno*, 112 F.3d 516, 516 n.1 (9th Cir. 1997) ("A pro se litigant is obligated to 'follow the same rules of procedure that govern other litigants.'") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)); Civ. L.R. 7-2.

　　　　The Court next addresses Plaintiff's motion to recuse. Motions to recuse fall under 28 U.S.C. § 144 and 28 U.S.C. § 455.

　　　　Under Section 144, "[w]henever a party to any proceeding in a district court makes and

1  files a timely and sufficient affidavit that the judge before whom the matter is pending has a
2  personal bias or prejudice either against him or in favor of any adverse party, such judge shall
3  proceed no further therein, but another judge shall be assigned to hear such proceeding." "An
4  affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts
5  that fairly support the contention that the judge exhibits bias or prejudice directed toward a party
6  that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.
7  1980). The district may reject the motion if the affidavit is legally insufficient. *Id.*

8  Section 455 requires a judge to "disqualify [her]self in any proceeding in which [her]
9  impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

10  "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the
11  same: Whether a reasonable person with knowledge of all the facts would conclude that the
12  judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882,
13  891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997)).
14  Stated differently, the inquiry is "whether a reasonable person perceives a significant risk that the
15  judge will resolve the case on a basis other than the merits." *United States v. Holland*, 519 F.3d
16  909, 913 (9th Cir. 2008). "The 'reasonable person' is not someone who is 'hypersensitive or
17  unduly suspicious,' but rather is a 'well-informed, thoughtful observer.' The standard 'must not
18  be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon
19  the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id.* (citation omitted).

20  Here, Plaintiff's allegations of bias and prejudice do not show that the presiding judge's
21  impartiality might reasonably be questioned. Plaintiff argues that the Court "has displayed a bias"
22  by requiring motion hearings to be in person. Mot. at 2. However, this Court's Standing Order
23  requiring in-person hearings has been posted long before Plaintiff's commencement of this suit.
24  Plaintiff must abide by the Court's Standing Orders. *See* Civ. L.R. 1-5(o).

25  Plaintiff also refers to an alleged grudge by the court in another of Plaintiff's actions in this
26  District—*Stebbins v. Polano*, No. 21-cv-04184-JSW (N.D. Cal. Jun. 2, 2021). The Court is
27  unclear how that court's alleged bias imputes to this Court. If Plaintiff's theory is that this Court
28  and that court resides in the same District, then no judges in the District can hear Plaintiff's case.

Such a result is unreasonable. Moreover, the Court notes that Plaintiff chose this District to commence his action on January 20, 2023. ECF No. 1.

Plaintiff's reliance on *Litekey v. United States* is inapposite. There, the Supreme Court stated that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Here, however, the parties have not appeared before the Court and no reasonable person would question the Court's impartiality from the Court's adherence to its Standing Orders. *See id.* at 556 ("A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.").

Accordingly, Plaintiff's motion to recuse is **DENIED**.

This Order terminates ECF No. 53

**IT IS SO ORDERED.**

Dated: June 9, 2023

TRINA L. THOMPSON
United States District Judge