David Stebbins (pro se Plaintiff)    123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947    acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                                          PLAINTIFF

VS.                                              Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                                                              DEFENDANTS

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Leave to File Amended Complaint in the above-styled action.

### The Court's discretion

1.  Federal Rule of Evidence 15 only gives me the right to amend the complaint without leave of court if a Rule 12(b) motion has not yet been filed. Since that has clearly happened, I need leave of court to file this Amended Complaint.

2.  Please find, attached, the following documents:
    (a) A Proposed First Amended Complaint (or PFAC, for short),
    (b) A revised AO121 form to go with the Amended Complaint, and
    (c) A proposed order granting this motion.

3.  Even if the Court was getting ready to grant the Defendant's motion to dismiss, bear in mind that, on a motion to dismiss, the Court must grant to amend the Complaint unless good cause can be shown as to why leave should not be granted. One such reason for denying leave to amend is if the error is so fatal that it cannot be cured by amended complaint. However, because I am providing the Court with a copy of my PFAC, the Court must consider that PFAC, and the factual allegations and legal arguments contained therein, before it can confidently say that leave to amend would be futile.

4.  Even barring that, the arguments contained in ¶¶ 24-38 of the PFAC absolutely need to be considered when adjudicating the defendant's Motion to Dismiss on the grounds of "obvious fair use."

5. Even if the Court insists on dismissing the infringement claim over the channel icon, there is nothing the Court can do to stop me from simply raising the other two infringement claims in a new lawsuit. The Court might as well let me have this Amended Complaint, just to save time and judicial resources.

6. Even if the Court is already planning on dismissing the "channel icon" claim of infringement, it can still avoid unnecessarily redundant filings through the simple expedient of (A) granting this motion, (B) performing a sua sponte § 1915 review of the FAC and dismissing Infringement #1 (and in the process, dismissing Google LLC as a party), and (C) allowing me to proceed to litigate Infringements #2 and #3.

### There is a good reason I didn't do this sooner.

7. It is common knowledge that equity favors the vigilant, not those who sit on their rights. However, in this case, there is a good reason why I didn't include the other two counts of infringement in the original complaint: Because I wouldn't have been allowed to.

8. On July 11, 2022, in the case of Case 4:22-cv-00546-JSW (Stebbins v. Rebolo), Judge Jeffrey S. White issued an order declaring ALL of my copyrighted works up to that point to be invalid and not subject to copyright protection. See Dkt. 20 in that case. This included the April 18, 2022 livestream.

9. Therefore, I did not include that infringement because, at the time the original complaint was written, it would have been barred by res judicata.

10. However, as I explained in a Statement of Recent Decision (Dkt. 42), Judge White has vacated that order and re-opened my case, so I am now back in the saddle. This means that the April 18 livestream is once again fair game for me to litigate!

11. Therefore, my failure to include these claims in the original complaint should be forgiven.

### Defense counsel should state its position on receiving service of process on behalf of YouTube LLC.

12. If leave to file this Amended Complaint is granted, YouTube LLC will almost certainly be represented by the same legal team that is currently representing Google LLC, as they are sister

companies and the business they conduct overlaps significantly. When responding to this Motion (either in opposition or support), I ask that the Defense Counsel for Google specify whether, in the event that this motion is granted, they would be willing to accept, via ECF notification (the same notification they are using to receive notice of this very motion), service of process on behalf of YouTube LLC, thereby causing them to automatically be served with process the minute this Court issues its order granting this motion for leave.

    So submitted on this, the 17th day of January, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
