RYAN S. BENYAMIN, State Bar No. 322594
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

JASON MOLLICK (*pro hac vice*)
JEREMY P. AUSTER (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

Counsel for Defendant Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STEBBINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | CASE NO.: 3:23-cv-00322-TLT<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Trina L. Thompson<br>Date; August 8, 2023<br>Time: 2:00 p.m.<br><br>Action Filed: January 20, 2023 |

# INTRODUCTION

Plaintiff's Motion for Partial Summary Judgment (Dkt. 49, the "Motion" or "Mot.") does not satisfy any of the Rule 56 requirements for a proper summary judgment motion. *See* Fed. R. Civ. P. 56(a). The Motion does not actually seek a ruling on any claim or defense in this case, but rather impermissible advisory opinions that are prohibited under Article III. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968). It is therefore improper and should be denied on that basis alone. The Motion also fails to identify a single undisputed material fact or cite any legal authority. *See* Fed. R. Civ. P. 56(a). It relies entirely on invented facts without evidentiary support, made-up legal propositions, and other self-serving sophistry. Plaintiff has burdened the court system for years with "frivolous" filings that are "wildly untethered from any valid interpretation" of applicable law. *Stebbins v. Microsoft, Inc.*, No. 11-cv-1362, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012). This Motion is the latest example.

Google's pending Motion to Dismiss argues that the allegedly-infringing "channel icon" at issue in this case is a fair use under Section 107 of the Copyright Act (17 U.S.C. § 107), and that the context of the YouTube channel where the icon appeared confirms this. Plaintiff's Motion—which he attempted to notice for hearing before this Court rules on Google's Motion to Dismiss—plainly seeks to preempt Google's motion by asking this Court to declare that the "broader context" of the channel is "entirely irrelevant" to the fair use analysis. Mot. ¶¶ 28-29. Plaintiff's request contradicts blackletter copyright law. As the Supreme Court has repeatedly recognized, fair use is an inherently context-sensitive inquiry. *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021).

The Motion should be denied. It serves no purpose other than to make clear why Plaintiff should be declared a vexatious litigant in this District.

# BACKGROUND

Plaintiff filed the operative complaint on January 24, 2023. Dkt. 5 (the "Complaint" or "Compl."). On March 6, 2023, Google filed its Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant. Dkt. 31 (the "Motion to Dismiss" or "MTD"). As detailed in Google's motion, a third-party individual created a YouTube channel—called "Acerthorn The True Acerthorn"

("ATTA")—that was critical of Plaintiff, and which used as its "channel icon" a snapshot of Plaintiff's face, copied from a "Livestream" video that Plaintiff had previously posted on YouTube. MTD at 7-9. Plaintiff alleges that the channel icon is a "prima facie copyright infringement" of his Livestream. *Id.* He asserts a single claim against Google (the parent company of YouTube) for vicarious copyright infringement. *Id.*

Google's Motion to Dismiss argues, *inter alia*, that the channel icon is plainly a "fair use" of Plaintiff's Livestream under the four-factor test set forth in Section 107 of the Copyright Act (17 U.S.C. § 107), and that the broader context of the YouTube channel where the icon appeared confirms its fair-use status. *Id.* at 11-19; *see also* Dkt. 41 ("Reply ISO MTD") at 3-12. Google requests that the Complaint be dismissed with prejudice, and that the Court declare Plaintiff a "vexatious litigant," as his home district has already done. MTD at 19-25; Reply ISO MTD at 12-15. The Motion to Dismiss is fully briefed and the Court took it under submission on June 9, 2023, after the parties agreed that the motion can be resolved on the papers and the Court therefore vacated the previously scheduled July 11 hearing. Dkt. 58. Recognizing that the Motion to Dismiss may dispose of the case, this Court issued an Order on April 3, 2023 staying discovery and the case management conference pending the resolution of Google's motion. Dkt. 47.[1] Google has not yet filed an Answer, and there has been no fact discovery of any kind.

On April 3, 2023, Plaintiff filed the present "Motion for Partial Summary Judgment." Dkt. 49. The Motion requests, *inter alia*, that the Court "summary adjudge that the ATTA channel as a whole is not a 'fair use channel,' and therefore, that all other elements of the channel are entirely irrelevant to determining whether the icon is fair use." Mot. ¶ 29. Although Google's fair use defense and the context of the ATTA channel was fully briefed in connection with Google's Motion to Dismiss, Plaintiff's Motion nonetheless improperly supplemented his opposition to Google's Motion to Dismiss by further arguing against fair use and the relevance of that channel. Recognizing Plaintiff's gambit, this Court issued an order striking Plaintiff's Motion "for purposes of [Google's] motion to dismiss" and explaining that "Plaintiff's motion for summary judgment

---

[1] The parties' separate case management statements are now due July 20, and a Case Management Conference is scheduled for July 27. Dkts. 47, 58.

may not serve as an unauthorized sur-reply to Defendant's motion to dismiss." Dkt. 52.[2]  Although the Court has taken Google's Motion to Dismiss under submission and Plaintiff's own summary judgment Motion is pending, Plaintiff filed a motion on July 17, 2023 seeking leave to file an amended complaint. Dkt. 61. Plaintiff's proposed First Amended Complaint largely serves as yet another unauthorized sur-reply to Google's Motion to Dismiss, as he devotes ***85 paragraphs*** to the argument that the channel icon is not a fair use of his Livestream.[3] Dkt. 61-1 ¶¶ 70-155.

Plaintiff originally noticed the Motion for hearing on May 2, 2023 (Dkt. 49), but the Court continued the hearing until August 8, 2023. Dkt. 50.

## ARGUMENT

### I. PLAINTIFF'S MOTION IS IMPROPER BECAUSE IT SEEKS IMPERMISSIBLE ADVISORY OPINIONS

Plaintiff's Motion is improper because it does not seek summary judgment on any claim or defense in this case, but rather impermissible advisory opinions. Rule 56 mandates that a summary judgment movant "identify[] each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). Plaintiff's Motion requests that the Court declare that the videos on the ATTA channel had "precisely zero claim to fair use" and that the channel "as a whole" was therefore "not a 'fair use channel.'" Mot. ¶ 1. According to Plaintiff's made-up legal standard, since the channel is "not a fair use channel" this Court must also declare that "all other elements of the channel are entirely irrelevant to determining whether the icon is fair use." *Id.* ¶ 29. But whether videos on the ATTA channel or the channel "as a whole" are infringements or fair uses is not an element of Plaintiff's claim in this case. Plaintiff claims that the ***channel icon*** infringed his copyright in the Livestream. *See* Compl. ¶ 22. He does not assert a claim with respect to the channel's videos or any other content aside from the

---

[2] Plaintiff continued his pattern of improper filings even after the Court struck his Motion, resulting in the Court ordering "Plaintiff to comply with the Civil Local Rules" and cautioning that it "may strike future filings from Plaintiff that do not comply with the Federal Rules of Civil Procedure, Civil Local Rules, or the Court's Standing Orders." Dkt. 58 at 2.

[3] Plaintiff admits as much by asserting that the "arguments contained in" his proposed amended complaint "absolutely need to be considered when adjudicating the defendant's Motion to Dismiss on the grounds of 'obvious fair use.'" Dkt. 61 ¶ 4.

1  icon. *See* Mot. ¶ 23 ("In the instant case, I am not suing directly for the videos themselves"); Compl. ¶ 44 ("I am not filing suit over these videos"). Nor does he assert an infringement claim regarding the channel "as a whole." *See generally* Compl.

Whether the videos and channel "as a whole" are fair uses is also not an element of Google's fair use defense either (the only defense it has asserted thus far). Google's Motion to Dismiss argues that the icon ***itself*** is a fair use of Plaintiff's Livestream, and that the broader ***context*** of the ATTA channel supports that conclusion as to the icon. *See* MTD at 11-19; Reply at 1-12. The Motion to Dismiss does not take any position on whether the videos or channel "as a whole" are fair uses in their own right. *See id.* Nor does Google need to show that the videos or channel are fair uses in order to defeat Plaintiff's infringement claim as to the channel icon.

Because the infringing or fair-use status of the videos and channel is not "a present, live controversy . . . before the court," Plaintiff's Motion seeks "improper advisory opinions" on "abstract propositions of law." *Ford v. Affirmed Hous. Grp.*, No. 13-cv-996, 2014 WL 1233078, at *3 (S.D. Cal. Mar. 25, 2014) (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969)). But it is "well known [that] the federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947). Article III courts may only adjudicate "concrete legal issues, presented in actual cases, not abstractions." *Id.*; *accord United States v. Kaczynski*, 551 F.3d 1120, 1124 (9th Cir. 2009) ("The Constitution empowers federal courts to hear actual cases and not render advisory opinions."). This principle applies with equal force to requests for declaratory relief, which "may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Desert Water Agency v. United States Dep't of the Interior*, 849 F.3d 1250, 1258 (9th Cir. 2017) (citing *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (quotation marks and citation omitted)).

The Motion should therefore be denied for requesting improper advisory opinions on issues that are not part of any claim or defense in this case, which pertains solely to whether the channel icon is infringing—not any content at issue in Plaintiff's Motion. *See, e.g., Ford,* 2014 WL 1233078, at *4 (denying partial summary judgment motion that called for "advisory opinion regarding a cause of action that is outside the scope of the operative complaint"); *Eagle*

*Comtronics, Inc. v. John Mezzalingua Assoc., Inc.*, 198 F.R.D. 351, 354 (N.D.N.Y. 2000) (denying defendant's partial summary judgment motion requesting declaration that its product did not infringe plaintiff's patent, since the complaint did not challenge the product, and thus there was "no actual case or controversy" and the court was "not permitted to render [advisory] opinions"); *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1089 (C.D. Cal. 2020) (denying summary judgment where the "proposed declaration would function only as an advisory opinion, which no federal court is empowered to issue").

## II. PLAINTIFF CANNOT ESTABLISH THAT THERE IS NO GENUINE DISPUTE OF MATERIAL FACT, OR THAT HE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW

Even if Plaintiff's Motion was proper, he cannot carry his burden of showing "that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party moving for summary judgment has the initial burden of informing the court of the basis for the motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact." *Lopez v. Contra Costa Reg'l Med. Ctr.*, No. 12-cv-03726, 2014 WL 4349080, at *2 (N.D. Cal. Sept. 2, 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).[4] Plaintiff does not even attempt to satisfy these requirements.

### A. Plaintiff Cannot Establish That He Is Entitled to Judgment as a Matter of Law

Plaintiff cannot establish that he is entitled to "judgment as a matter of law" as to any issue because his Motion cites **no legal authority**. He relies entirely on self-serving, made-up legal principles. According to Plaintiff, only a YouTube channel's video library, not any other elements of the channel, can determine whether the channel is a "fair use channel." Mot. ¶ 7. If, however,

---

[4] To meet his burden, a summary judgment movant may also attempt to show "that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Lopez*, 2014 WL 4349080, at *2 (citing *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)). Plaintiff does not make this argument regarding Google's fair use defense, and for good reason. Google's Motion to Dismiss cites directly relevant evidence in support of its fair use defense. *See* MTD at Mollick Decl. Ex. A (Dkt. 31-2), Reddy Decl. Exs. A-B (Dkts. 31-4, 31-5).

1  "the video library cannot be considered fair use, the channel as a whole cannot be considered a
2  'fair use channel,' which means the icon cannot be considered 'part of an otherwise fair use
3  whole'" or benefit from "second-hand fair use." *Id.* ¶¶ 8, 25.  Thus, according to Plaintiff's
4  invented doctrine, the channel icon "must stand as fair use on its own merit in order to be
5  considered fair use," and the "broader context of the YouTube channel" should be declared
6  "entirely irrelevant" to the fair use analysis.  *Id.* ¶¶ 2, 29.

7        All of this is made up.  Plaintiff cites no authority to support any of these propositions, and
8  therefore cannot carry his burden of establishing that he is entitled to judgment as a matter of law.
9  *See Wright v. Old Gringo Inc.*, No. 17-cv-1996, 2018 WL 6788215, at *3 (S.D. Cal. Dec. 26, 2018)
10 ("[M]erely making a conclusory argumentative statement without citation to law . . . is insufficient
11 either to competently raise the argument for judicial consideration or for a party to meet its burden
12 on summary judgment."); *Godoy v. Wadsworth*, No. 05-cv-2913, 2007 WL 951822, at *5 (N.D.
13 Cal. Mar. 28, 2007) (denying summary judgment where movants "cite[d] no authority" and their
14 motion was thus "insufficient to establish that they are entitled to judgment as a matter of law");
15 10A C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. Civ. § 2725.3 (4th ed.) (courts may only
16 grant summary judgment if "legal theory or doctrine supports the movant's position that judgment
17 should be entered").

18       There is a good reason why Plaintiff cites no legal authority: his argument that the "broader
19 context" of the ATTA channel is "irrelevant to determining whether the icon is fair use" (Mot.
20 ¶¶ 2, 29) is directly contrary to controlling law.  Fair use is an inherently "context-sensitive
21 inquiry," *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006), and placing a copyrighted work "in
22 a different context" such that it is "transformed into a new creation" is precisely what it means for
23 a use to be "transformative" under copyright law.  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d
24 1146, 1165 (9th Cir. 2007) (citation omitted); *accord, e.g.*, *Oracle Am., Inc.*, 141 S. Ct. at 1199
25 ("our case law instructs that fair use depends on the context"); *Campbell v. Acuff-Rose Music, Inc.*,
26 510 U.S. 569, 577, 589 (1994) (explaining that "context is everything" in a fair use inquiry, which
27 is "not to be simplified with bright-line rules"); *Schwartzwald v. Oath Inc.*, No. 19-cv-9938, 2020
28 WL 5441291, at *4 (S.D.N.Y. Sept. 10, 2020) (finding fair use on a motion to dismiss where

1  defendant reproduced and slightly modified a celebrity photograph on its news website, because
2  the "broader context of the article" showed the image was used for transformative purposes).
3  These principles apply with equal force in the context of a YouTube channel, and Plaintiff cites
4  no law to suggest otherwise. *See, e.g.*, *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 391-92 (S.D.N.Y.
5  2020) (finding fair use on a motion to dismiss where the "critical nature" of a challenged YouTube
6  video was "apparent from the broader context of [defendant's] YouTube channel").

7      In short, Plaintiff cannot meet his burden of establishing a legal basis for his Motion,
8  because there is none. *Lopez*, 2014 WL 4349080, at *2.

9      **B.**    **Plaintiff Cannot Establish That There Is No Genuine Dispute as to Any**
10         **Material Fact**

11     Because there is no legal basis for Plaintiff's Motion, he also cannot establish that there is
12 "no genuine dispute as to any material fact" such that he "is entitled to judgment as a matter of
13 law." Fed. R. Civ. P. 56(a). "Material facts are those necessary to the proof or defense of a claim,
14 and are determined by referring to substantive law." *Northland Fam. Plan. Clinic, Inc. v. Ctr. for*
15 *Bio-Ethical Reform*, 868 F. Supp. 2d 962, 969 (C.D. Cal. 2012). But, as explained, Plaintiff's
16 Motion does not seek judgment on any claim or defense at issue, or cite any supporting law. Nor
17 does he identify an undisputed material fact that would support his request for relief. The only
18 "material fact" Plaintiff relies on is that ATTA's video library is supposedly "nothing more than
19 verbatim, unaltered clips from my videos." Mot. ¶ 13; *see also id* ¶ 5. He claims that Google
20 concedes this "fact" and "that the ATTA channel's video library is absolutely not fair use." *Id*.
21 ¶ 6, 13. This argument is triply unavailing: Plaintiff has not established the existence of his
22 purported "fact," he has not established that it is material, and he has not established that it is
23 undisputed.

24     *First*, Plaintiff's videos and the alleged copies on the ATTA channel are not before this
25 Court. Plaintiff did not attach any videos to his Motion, and they have not been examined or
26 produced in discovery. Plaintiff's purported "fact"—that the videos are nothing but "verbatim"
27 clips of his own videos—is thus conclusory and wholly unsupported. *See* Fed. R. Civ. P. 56(c)(1)
28 (requiring evidentiary support for factual assertions). *Second*, Plaintiff cannot establish that his

purported fact is "material," since (as discussed above) the fair use status of the video library is not at issue in this case or "necessary to the proof" of any claim or defense. *Northland*, 868 F. Supp. 2d at 969. *Third*, Plaintiff cannot establish that there is "no genuine dispute" that the videos are "verbatim" copies and thus "absolutely not fair use." Mot. ¶¶ 6, 13. To support his claim that these "facts" are "proven by the Defendant's own admission," Plaintiff cites to Google's reply in support of its Motion to Dismiss. *Id.* ¶ 13. But all Google stated in the cited passage is that "***Plaintiff argues*** that the channel—which he hyperlinks and describes in the Complaint—was not transformative because it contained nothing more than 'verbatim, unaltered clips from my videos.'" Reply ISO MTD at 4 (emphasis added). That is not a concession: Google paraphrased Plaintiff's ***own*** assertions, but did not admit to the truth of them. There is nothing in the record establishing that Google admits Plaintiff's claimed fact (it does not). *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record.").[5]

Accordingly, Plaintiff has failed to establish "the absence of a triable issue of material fact." *Lopez*, 2014 WL 4349080, at *2.

---

[5] Even if Plaintiff could prove that the video library is "nothing more than verbatim, unaltered clips from my videos" (Mot. ¶ 13), that would not suffice on its own to establish that the "video library is absolutely not fair use." *Id.* ¶ 6. *See Mattel Inc. v. Walking Mountain. Prods.*, 353 F.3d 792, 803 n.8 (9th Cir. 2003) ("We have … held that entire verbatim reproductions are justifiable where the purpose of the work differs from the original.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment should be denied.

Dated: July 18, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Jeremy Auster*
Jason Mollick (*pro hac vice*)
Jeremy P. Auster (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

Ryan S. Benyamin
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

*Counsel for Defendant Google LLC*