RYAN S. BENYAMIN, State Bar No. 322594
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

JASON MOLLICK (*pro hac vice*)
JEREMY P. AUSTER (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STEBBINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | CASE NO.: 3:23-cv-00322-TLT<br><br>**GOOGLE LLC'S CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Trina L. Thompson<br>Date: July 27, 2023<br>Time: 2:00 p.m.<br><br>Action Filed: January 20, 2023 |

Defendant Google LLC ("Google") submits this Case Management Statement pursuant to Federal Rules of Civil Procedure 16 and 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the Court's Standing Order for Civil Cases, and the Court's June 9, 2023 order directing the parties to submit "[s]eparate case management statements." Dkt. 58 at 2.

1. **JURISDICTION AND SERVICE**

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101, et seq. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Google has been served with the operative complaint (Dkt. 5) in this proceeding. No remaining parties need to be served at this time. No issues exist regarding personal jurisdiction or venue.

Google notes that Plaintiff filed a motion for leave to file an amended complaint on July 17, 2023 (Dkt. 61, the "Motion for Leave"), along with a proposed amended complaint that, although difficult to decipher, appears to add two additional and unrelated copyright infringement claims and name two additional defendants, YouTube, LLC and a John Doe (referred to as "ACERTHORN THE TRUE ACERTHORN"). Dkt. 61-1. For reasons previewed below, which Google will further discuss in its forthcoming opposition, Plaintiff's Motion for Leave should be denied. To the extent that Plaintiff is granted leave to file an amended complaint and does so, and such complaint is not dismissed in a screening order under 28 U.S.C. § 1915(e)(2)(B),[1] additional

---

[1] The Court "shall" dismiss a complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), if it determines a complaint is frivolous or fails to state a claim, and need not "accept without question the truth of [] [P]laintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), *superseded by statute on other grounds as recognized in Walp v. Scott*, 115 F.3d 308, 309 (5th Cir. 1997) (explaining that 1996 amendment to IFP statute "removes some of a federal court's discretion by ***requiring*** the court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted") (emphasis added).

questions regarding jurisdiction, venue, or service may arise. Google generally confines its discussion in this Case Management Statement to the case as defined by the operative complaint (Dkt. 5) and subsequent motion practice related thereto.

**2. FACTS**

Plaintiff David Stebbins—a *pro se* individual who posts videos on YouTube under the alias "Acerthorn"—is a federally-recognized vexatious litigant with a history of filing frivolous and abusive lawsuits across the country. A third-party user of Google's YouTube service created a YouTube channel—called "Acerthorn The True Acerthorn" ("ATTA")—devoted to criticizing Plaintiff, and which used as its "channel icon" a snapshot of Plaintiff's face (superimposed with the phrase "ACERTHORN LAWS"), which was copied from a "Livestream" video that Plaintiff had previously posted on YouTube and registered with the United States Copyright Office. Plaintiff alleges that the channel icon is a "prima facie copyright infringement" of his Livestream. He asserts a single claim against Google (the parent company of YouTube) for vicarious copyright infringement.

**3. LEGAL ISSUES**

At present, the principal legal issues are whether Google vicariously infringed Plaintiff's copyright in the Livestream, whether there is any direct infringement under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, and whether the channel icon is a non-infringing "fair use" of Plaintiff's Livestream under the four-factor test set forth in Section 107 of the Copyright Act, which provides that "the fair use of a copyrighted work, including such use by reproduction in copies ... for purposes such as criticism [or] comment, ... is not an infringement of copyright." If the challenged channel icon is a fair use of Plaintiff's Livestream, as Google contends in its pending Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant (Dkt. 31, the "Motion to Dismiss"), there is no direct infringement and Google cannot be liable for vicarious infringement (a form of secondary infringement), and the case should therefore be dismissed in its entirety.

Another pending legal issue is whether Plaintiff should be declared a "vexatious" litigant and subject to a pre-filing screening order in the Northern District of California, or limited in his ability to attain *in forma pauperis* status except upon a showing of good cause, as sanctions for his decade-long and ongoing abuse of the judicial system across the country and in this District (as well as his home district, where he has already been declared vexatious). *See generally* Dkts. 31, 41. As explained in Google's Motion to Dismiss, this is the third lawsuit that Plaintiff has filed against Google or its subsidiary, YouTube, in the last couple of years alleging frivolous claims of copyright infringement.

In addition, in just the last week Plaintiff sent several unsolicited emails to Google threatening to file at least two more lawsuits against Google over further instances of plain fair use criticism, and he is using those threats to make extortionate demands for hundreds of thousands of dollars in "settlement" payments (even though his allegations, even if proven, would yield no damages). This abusive conduct will continue until Plaintiff is declared a vexatious litigant and subject to a filing or IFP restriction.

### 4. MOTIONS

**Plaintiff's Motions**. Plaintiff has littered the Court's docket with baseless, improper, and wasteful motions since the moment he filed this case. This is typical, as numerous courts (including this Court) have observed. *See, e.g.*, Dkt. 58 at 2 (noting that "Plaintiff's filings are not in compliance with the applicable local rules" and threatening to "strike future" improper filings); *Stebbins v. Stebbins*, 2013 WL 6182991, at *1 ("Not only has [plaintiff] filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit."); *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 ("[T]ime spent dealing with Mr. Stebbins's filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly."); *Stebbins v. Polano*, No. 21-cv-04184-JSW, Dkt. 143 at 2 (N.D. Cal. July 11, 2022) ("Plaintiff's improperly filed

motions preempt the use of judicial resources that might otherwise be devoted to adjudicating the meritorious claims of other litigants."). To date, Plaintiff has filed the following motions:

- An ex parte motion for a protective order to stop Google's counsel from making arguments that he disagrees with (Dkt. 11), which the Court denied (Dkt. 54);

- A procedurally-invalid motion to strike Google's Motion to Dismiss (Dkt. 32), which the Court has taken under submission (Dkt. 58);

- A motion for an indefinite extension of time to respond to Google's motion to dismiss (Dkt. 24), which the Court denied (Dkt. 35);

- A motion for partial summary judgment (Dkt. 49), which the Court struck for the purposes of Google's Motion to Dismiss after recognizing that Plaintiff sought to use his summary judgment motion as an "unauthorized sur-reply" to Google's motion. Dkt. 52. On July 18, 2023, Google filed its opposition to Plaintiff's partial summary judgment motion. Dkt. 62. Plaintiff's reply is due on July 24, and an in-person hearing on the motion is scheduled for August 8, 2023. Dkt. 58;

- An "emergency" motion requesting leave to appear remotely at a (later-vacated) hearing on Google's Motion to Dismiss, and requesting that the Court recuse itself from this case because of alleged "bias" against Plaintiff (Dkt. 53), which the Court denied (Dkt. 57);

- Another motion to appear remotely (Dkt. 55), which the Court denied (58); and

- A motion for leave to file an "amended complaint" that, in actuality, is a sur-reply to Google's Motion to Dismiss (Dkt. 61). Google's opposition to Plaintiff's Motion for Leave is due July 31, 2023, and Plaintiff's reply is due August 7, 2023.

**Google's Motions**.

- A Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant (Dkt. 31), which the Court has taken under submission (Dkt. 58);

- An administrative motion to stay discovery and the initial case management conference pending resolution of Google's Motion to Dismiss (Dkt. 37), which the Court granted with modifications, thereby staying discovery in this case (Dkt. 47); and

- A motion to extend Google's time to oppose Plaintiff's partial motion for summary judgment (Dkt. 51), which the Court granted (Dkt. 52).

5.  **AMENDMENT OF PLEADINGS**

As noted above, Plaintiff recently filed a Motion for Leave and a proposed First Amended Complaint. Dkts. 61, 61-1. Plaintiff devotes **85 paragraphs** to misguided legal arguments over

why the allegedly infringing channel icon is not a fair use of his Livestream. Dkt. 61-1 ¶¶ 70-155. Plaintiff asserts that the "arguments contained in" his proposed amended complaint "absolutely need to be considered when adjudicating the defendant's Motion to Dismiss on the grounds of 'obvious fair use.'" Dkt. 61 ¶ 4.

Google submits that this Court should rule on its pending Motion to Dismiss before considering whether any amendments should be permitted pursuant to Fed R. Civ. Proc. 15(a)(2).

### 6. EVIDENCE PRESERVATION

Google has reviewed this Court's ESI Guidelines. Google is taking reasonable and proportionate steps to comply with its obligation to preserve evidence, including electronically stored information. Should discovery commence, Google is willing to confer with Plaintiff and consider reasonable requests regarding the preservation and production of Electronically Stored Information.

### 7. DISCLOSURES

Discovery is currently stayed pending a decision on Google's Motion to Dismiss pursuant to the Court's April 3, 2023 order. Dkt. 47. Google intends to serve initial disclosures if its Motion is denied and discovery commences.

### 8. DISCOVERY

As noted, discovery is currently stayed pursuant to the Court's April 3, 2023 order. Dkt. 47. Google believes that discovery should remain stayed until after a ruling on Google's Motion to Dismiss and until after the pleadings and any dispositive motions are resolved. This is particularly appropriate given the serious deficiencies in Plaintiff's operative Complaint, as discussed in Google's Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient . . . he is not entitled to discovery, cabined or otherwise."); *id.* at 678-79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Hamilton v. Rhoads*, No. 11 Civ. 0227, 2011 WL 5085504,

at *1 (N.D. Cal. Oct. 25, 2011) ("A district court has broad discretion to stay discovery pending the disposition of a dispositive motion.").

If and when discovery opens, Google anticipates that discovery is likely to involve the production of at least some confidential information. Google anticipates a Stipulated Protective Order based on the Northern District's Model Order, and is willing to work together cooperatively to reach agreement on the terms of that Order. Google believes that the limits on discovery set by the Federal Rules of Civil Procedure are appropriate for this case.

Google notes that Plaintiff already served his First Sets of Requests for Admission, Interrogatories, and Requests for Production on March 31, 2023, prior to the stay of discovery. Many of Plaintiff's requests are absurdly overly broad, unduly burdensome, irrelevant to any claims or defenses in the case, and disproportional to the needs of the case. His Requests are further indication that a stay of discovery is needed until the pleadings are fully resolved.

**9.   CLASS ACTION**
This case does not involve a class action.

**10.   RELATED CASES**
Google believes this case is related to *Stebbins v. Polano* (Case No. 4:21-cv-04184-JSW) and *Stebbins v. Rebolo et al.* (Case No. 4:22-cv-00546-JSW), both of which are in this District before Judge Jeffrey S. White, and have been deemed related to one another. Google understands that Judge White has determined that this case is not sufficiently related to *Polano* and *Rebolo* at this time. Plaintiff has also filed at least one additional lawsuit against a YouTube user for fairly criticizing his litigation history, which is further evidence that he should be declared a vexatious litigant in this District. *See Stebbins v. Doe* (Case No. 4:23-cv-00321-DMR).

**11.   RELIEF**
Google does not believe that Plaintiff is entitled to any relief in this case, and Google will seek denial of any such relief as well as dismissal of Plaintiff's claims. Google will also be entitled

to seek recovery of all attorneys' fees and costs expended in defending this copyright action under 17 U.S.C. § 505 and 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

### 12.  SETTLEMENT AND ADR

While Google is willing to discuss ADR at the case management conference, it does not believe settlement discussions would be productive.  Plaintiff has a long history of using frivolous lawsuits to make extortionate demands for hundreds of thousands of dollars (and in same, cases millions) in "settlement" payments.

As just the latest example, within minutes of filing his Motion for Leave to amend the complaint in this case, Plaintiff sent an unsolicited email to Google's counsel with the subject, "Will you settle now?"  In that email he makes a number of inflammatory and extortionate remarks, including that Google must "be prepared to make some *serious* atonements!"  He demands that Google pay him nearly half a million dollars in statutory damages to which he is not entitled by law.

Plaintiff also boasts in his email that this "Court can't stop me" from filing new lawsuits against Google if Google does not accede to his unreasonable demands.  The Court can, by declaring him a vexatious litigant.

### 13.  OTHER REFERENCES

Google believes that this case is not suitable for references to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **NARROWING OF THE ISSUES**

Google does not believe any issue can be narrowed at this juncture. Google's Motion to Dismiss seeks to dismiss the Complaint in its entirety based on fair use. Depending on the Court's ruling as to the various factors of fair use, certain issues may be narrowed.

15. **EXPEDITED TRIAL PROCEDURE**

Google believes that it is premature to formulate a view concerning the expected length of any trial while the Motion to Dismiss is pending and before the scope of the pleadings is settled.

16. **SCHEDULING**

It is premature to discuss the full case schedule given that Google's Motion to Dismiss and Plaintiff's Motion for Leave are pending. Such discussion should be deferred until after a ruling on Google's pending Motion to Dismiss, and until after the pleadings are settled.

17. **TRIAL**

Plaintiff's Complaint does not include a demand for a jury trial. Google believes that it is premature to formulate a view concerning the expected length of any trial while the Motion to Dismiss is pending and before the scope of the pleadings is settled.

18. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

Google has filed a Certification of Interested Entities or Persons (Dkt. 22) and a Corporate Disclosure Statement (Dkt. 15). Plaintiff has not filed a Certification of Interested Entities or Persons.

As required by the Standing Order for All Judges of the Northern District of California, Google restates its Certification of Interested Entities or Persons as follows:

Pursuant to Civil L.R. 3-15(b)(1), the undersigned counsel for Defendant Google LLC certifies that as of this date, there is no conflict to report.

Pursuant to Civil L.R. 3-15(b)(2), the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to,

parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1) XXVI Holdings Inc., holding company of Google LLC;

2) Alphabet Inc., holding company of XXVI Holdings Inc.; and

3) The operator(s) of the YouTube channel entitled "Acerthorn The True Acerthorn," who is alleged to be the direct infringer of Plaintiff's copyright in this action. *See* Compl. (Dkt. 5) ¶¶ 11-14.

**19.    PROFESSIONAL CONDUCT**

Google's attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: July 20, 2023                        Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Jeremy Auster*

Jason Mollick (*pro hac vice*)
Jeremy P. Auster (*pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
jmollick@wsgr.com
jauster@wsgr.com

Ryan S. Benyamin
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone: (424) 446-6913
Facsimile: (866) 974-7329
rbenyamin@wsgr.com

*Counsel for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2023, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: *s/ Jeremy Auster*
Jeremy Auster