David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947       acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                              PLAINTIFF

VS.                                  Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                                  DEFENDANTS

### REPLY TO [062] RESPONSE TO [049] MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to the Dkt. 62, the Defendant's Response in Opposition to Dkt. 49, my First Motion for Partial Summary Judgment.

### This motion had been stayed.

1. First, the Defendants offer no explanation as to why they are just now filing their Opposition to the Motion for Partial Summary Judgment, when they had previously gotten an indefinitely stay. The Motion to Dismiss has not yet been ruled on, which was the condition which triggered their duty to respond to this Motion. What, do they concede that my recent Motion for Leave to File Amended Complaint automatically supersedes their previous motion to dismiss? Because that motion hasn't been granted yet either, and as I pointed out in that motion, I no longer have the right to amend the complaint without leave of court.

2. The only way this makes any sense is if they concede that, contrary to my initial beliefs, I do indeed still have the right under Fed.R.Civ.P. 15(a) to amend the complaint without leave of court, and so my filing of the Proposed Amended Complaint (PFAC for short) is indeed automatically applicable.

3. If that is the case, then I also expect the stay to be lifted on the discovery, which means that the Defendant's response to my first discovery requests (see Dkt. 46) should now be due on or before August 16, 2023 (30 days after the Motion for Leave to File Amended Complaint was filed).

**This is still a relevant consideration, even if it isn't a stand-alone legal defense.**

4.	That being said, the Defendants insist that I do not provide any legal citation in support of my belief that second hand fair use is a thing. Bear in mind that even the Defendants admit that the additional channel elements are relevant to some degree. Does it really matter if this isn't a stand-alone separate legal doctrine? The important thing is that it is *relevant*, and therefore can be adjudicated on a motion for partial summary judgment.

**As a relevant consideration, the channel as a whole does not support the Defendant's claim to fair use.**

5.	To the extent that it is relevant (regardless of how relevant it is or whether it is part of one fair use defense or a stand-alone defense on its own), the simple bottom line is that the broader context of the ATTA channel as a whole simply *does not prove what the Defendant claims it proves*. Their argument is that the other channel elements provide contextual clues that demonstrate that the icon's purpose was to criticize me. In my Opposition to Motion to Dismiss, I argued that the video library clearly showed the complete opposite: That John Doe's intention was simply to infringe on my copyright without providing any actual transformative value. In response to that, the Defendant argues that the other channel elements cannot be ignored.

6.	Even if that were the case, all the Defendant's argument amounts to is that the *totality of the circumstances* (aka the "channel as a whole") is a relevant consideration. Semantics aside, the Defendant and I are in agreement about the elements of the law that actually matter.

7.	That being said, even if the channel art, about page, and "Acerthorn Archnemesis" sections of the channel should be considered, as I pointed out in my PFAC, that only really saves the Defendant if the video library *shouldn't* be considered! See Dkt. 61-1, ¶¶ 102-104. If the video library is to be considered at all, its utter lack of transformative value outshines any nominal transformative value that could potentially be gleaned from the non-video channel elements.

8.	Here, the Defense admits that they the totality of the circumstances is relevant to a fair use determination. They now admit that no factor is irrelevant to the consideration. So by their own admission, the video library should still be considered.

9.      And once the video library is considered, its overwhelming weight against fair use entirely outshines any nominal weight in favor of fair use the other elements may provide. Think about how there are still stars in the sky, even during the day, you just don't see them because the Sun's light utterly engulfs their own, and you'll get the idea.

10.     If the Defendant insists that they should be allowed to pull from the broader context of the channel to support their claim for fair use, then it is only fair that I should also be allowed to use the video library to utterly crush what little nominal transformative value they can glean out of the other channel elements. According to the Defendant's own logic, either all of it is relevant or none of it is relevant. It's only fair. But one thing the Defendant absolutely should not be allowed to argue is that only the "broader context" which supports their narrative should be allowed to be considered, while the "broader context" that undermines their defense arbitrarily doesn't count for no reason other than … it just doesn't count. That's not how this works.

11.     My point with this Motion for Partial Summary Judgment is that the channel icon cannot be allowed to pull from the "broader context of the channel" in order to support the Defendant's claim that the icon is providing criticism. The icon must have criticism that is readily apparent from its face in order to be considered transformative. The words "Acerthorn Laws," and *only those two words*, without regard to the rest of the channel, must be transformative all on their own in order for the defendant to get fair use.

**Defendant's attempts to discredit the facts only further highlight their hypocrisy and blatant double standards.**

12.     Next, the Defendant insists that the nature of the video library (that it consistently majority of verbatim re-uploads of my content with no alterations or modifications whatsoever) is an unproven fact. Their primary argument for this lack of proof is that the videos have not been brought before the Court, attached to the motion, or disclosed in discovery.

13.     However, their own logic is self-defeating and only further highlights their hypocrisy and blatant "rules for thee, not for me" double standard.

14.     In their motion to dismiss the original complaint, the Defendant attached three different screenshots in support of their motion. See Dkt. 31-2, Dkt. 31-4, and Dkt. 31-5. Bear in mind

that, on a motion to dismiss, the Court isn't supposed to consider any facts unless those facts are either "Incorporated into the Complaint" or they are "Judicially Noticeable" (or IC/JN for short, collectively referring to anything which the Court can lawfully consider on a motion to dismiss or a § 1915 sua sponte review). Therefore, the only way these screenshots could possibly be properly before the Court is if these screenshots were IC/JN, otherwise the Court must ignore them.

15. As I pointed out in my Motion to Strike (Dkt. 32), these screenshots absolutely *would* have been IC/JN, were it not for one problem: As soon as this lawsuit was filed, John Doe deleted the ATTA YouTube channel in an attempt to cover up the evidence. It was blatant spoliation that is deserving of sanctions under Leon v. IDX Systems Corp., 464 F. 3d 951 (9th Cir. 2006), and even referred to the U.S. Attorney for potential criminal indictment for tampering with evidence. But because I am not legally culpable for the spoliation, I cannot (and should not) be punished for it.

16. However, in spite of the channel being deleted in a blatantly illegal manner, the Defendant still attempted to argue that the contents of that channel were still directly incorporated into the Complaint. See Dkt. 38, p. 5, lines 5-7 ("As Google explains, the Court is authorized to consider matters that are [IC/JN]").

17. In other words, the Defendant appears to believe that, as long as some piece of evidence was IC/JN at any one point in time, they remain forever IC/JN for all time, and the Court is free to consider them, even after they are illegally spoliated, the same as if they were still publicly visible.

18. Of course, I disagree, and I made my disagreement apparent in the Motion to Strike. However, here, the Defendant argues the complete opposite: Now that the channel has been deleted (illegally or otherwise), its contents are no longer IC/JN.

19. This is, necessarily, what the Defendant is arguing, because even though this is a Motion for Partial Summary Judgment, and not a Motion to Dismiss (meaning that the Court can still consider evidence that is not IC/JN), this is the only way they can conceivably argue that the evidence is not properly before the Court. If the evidence is in fact IC/JN, then I am not required

to attach it to the Motion for Partial Summary Judgment, since it is presumed that the Court already has it. This means that their argument only makes sense if they are arguing that the video library is no longer IC/JN by reason of it having been deleted.

20. These two arguments are not reconcilable with each other. Either the entirety of the ATTA channel is still IC/JN despite having been deleted through no fault of my own, or none of it is. It's all or nothing. Pick one. It's only fair.

21. If the Defendant argues that the entire ATTA channel is still IC/JN despite being deleted, then the video library is still properly before the Court and I don't have to attach it to the Motion for Partial Summary Judgment. But if they insist that the channel is no longer IC/JN because it was deleted, then by their own admission, Dkt. 31-2, Dkt. 31-4, and Dkt. 31-5 must stricken since those images are not IC/JN either, and therefore cannot be considered on a Rule 12(b)(6) Motion to Dismiss. This, in turn, kills their Motion to Dismiss dead in its tracks.

22. But just like with the "broader context" issue earlier, one thing the Defendant absolutely should not be allowed to argue is that only the elements of the ATTA channel that support their narrative should remain IC/JN despite having been deleted, but the parts that don't support their narrative are no longer IC/JN for no other reason than "they just aren't." That's not how this works.

23. In fact, it probably should be the other way around. Bear in mind that the only reason this is a problem in the first place is because John Doe spoliated the evidence. Whenever evidence is spoliated, the default sanction is for the Court to declare that the evidence would have been favorable to the opposing party (in this case, me) had the Court gotten a chance to see it. See Leon v. IDX Systems Corp., 464 F. 3d 951 (9th Cir. 2006) (acknowledging that this is, in fact, the default practice in the case of spoliation, and only upholding the District Court's imposition of the nuclear sanction of default judgment after agreeing with the District Court's finding that such a sanction would not have been good enough to make IDX – the non-spoliating party – whole).

24. So if the only reason the video library is no longer IC/JN is because of the spoliation, then the Court should presume that the video library would have favored me unless the

Defendant can prove otherwise, not the other way around!

25.     Speaking of the Defendant being able to prove otherwise, that leads us to my next point:

**The Defendant has kept an archived copy of the ATTA channel, so they already have personal knowledge of the facts**

26.     Barring that, it is important to note that the Defendant has admitted, over private email, that they have indeed preserved and archived the contents of the ATTA YouTube channel for pending litigation. See **Exhibit A**. This means that they have indeed preserved the video library.

27.     This means that they cannot plausibly argue that the contents of the video library are unproven. They cannot deny that there is a genuine dispute of material facts, because by their own admission, they have the video library in their possession. So this, in turn, begs the question: If they so adamantly deny that the majority of the video library is what I say it is (verbatim reuploads of my content with no alterations or modifications whatsoever), then why don't they simply produce the video library to rebut my allegations thereof?! Why do they have to tip-toe around the issue and insist that it isn't proven beyond genuine dipsute simply because I haven't produced them?!

28.     I'll tell you why they haven't done that: It's for the exact same reasons why they don't address the video library when trying to pull from the "broader context" of ATTA's channel in order to support their claim that the icon is transformative, as I explain in ¶¶ 5-11 above. They know that, if the Court sees the video library, they're screwed. They know that the complete and utter lack of transformative value on display would be utterly fatal to their hopes of fair use, even though I only recently began suing over the videos themselves. So they have to beat around the bush and act like the video library, somehow, arbitrarily, doesn't count in this case while still insisting that the *rest of the channel* still counts!

29.     Because the Defendant absolutely could have produced the video library in order to rebut my allegations that the video library is so non-transformative that it should singlehandedly defeat the Defendant's attempts to pull from the "broader context" of the ATTA channel to support their allegation that the icon is fair use, but simply chose not to, the Court should interpret their omission as a tacit admission that the video library would indeed have supported my argument

that it demonstrates a clear lack of critical content, and therefore detracts from the icon's claim to fair use, rather than bolsters it like the Defendant claims.

**There is still a small portion of the ATTA channel(s) that have not yet been deleted, so the Court can still take judicial notice of a small sample of John Doe's true intentions.**

30. Although the Defendant tries to argue that the Court cannot adjudge the video library because it isn't "before the Court" (already a blatant double standard on their part, for reasons I have already discussed), there is at least one portion of John Doe's infringements against me that he overlooked when he was attempting to spoliate all the evidence.

31. The channel whose icon I am suing over in this case isn't the only ATTA channel that John Doe had created. He actually created a total of three different ATTA channels. The first one was "Acerthorn the True Acerthorn," (which I will shorten to ATTA1 for purposes of this brief), which I am suing over in this case. The second one was called "Acerthorn the True Acerthorn 2: The Electric Bugaloo" (or ATTA2, for short), and it was also deleted when this lawsuit got filed. The third one is called "Acerthorn the True Acerthorn 3: Revenge of the Acer" (or ATTA3 for short), and as of the time of this writing, that channel is still up! You can see that channel by going to the url of https://www.youtube.com/@acerthornthetrueacerthorn3318.

32. As the Court can see from that url, there is still one video on that channel that hasn't yet been removed due to DMCA Takedowns. I intend to file suit for copyright infringement over that video once I finally get registration on that video.

33. As you can see from watching that video, it is, indeed, nothing more than a verbatim re-upload of one of my videos in its entirety, with no alterations or modifications whatsoever. This heavily corroborates my allegation that ATTA1's video library was majority like that: Just verbatim uploads of clips and entire videos with no alterations or modifications whatsoever.

34. In the event that John Doe swoops in and deletes the ATTA3 channel as well after this Reply is filed, then I have created video proof of this channel. I even played the infringing video in its entirety at double speed. That way, the Court can still see that I am telling the truth in ¶ 32 above, even if the original ATTA3 channel is no longer visible by the time this Court gets around to seeing it. You can find this video proof by going to the following url:

https://youtu.be/tjG1Qc3i7rE.

35.     As the Court can clearly see, John Doe is absolutely not interested in fair use. He is only interested in blatant, malicious copyright infringement. Therefore, unless the Defendant is able to produce some actual rebuttal evidence, the Court should assume that the ATTA1 video library would likewise have been utterly non-transformative, had John Doe not committed the flagrant act of spoliation.

**I am now attaching the video library.**

36.     But even barring all of that, I can indeed prove that a majority of ATTA1's videos were indeed precisely what I say they were: Verbatim reposts with no alterations whatsoever. This is because, prior to me filing the claim with the Copyright Claims Board approximately a year ago, I did indeed take steps to preserve the infringing video library.

37.     At the time that I filed the claim with the CCB, the ATTA1 channel only had nine videos in its library. While the CCB claim was pending, John Doe uploaded two more videos that were promptly taken down by DMCA takedowns. Because YouTube took the videos down, that means they admit that the videos were not fair use, which means they should count in my favor for purposes of demonstrating the "broader context" of the ATTA1 channel.

38.     As for he other nine videos (the ones that were on the channel at the time the CCB claim was filed), I do indeed have proof that at least five of them – aka a majority – were indeed so utterly incapable of being considered fair use that it is astonishing that YouTube didn't take these videos down when I asked them to.

39.     To prove this, please see **Exhibit B**, a collection of five screenshots. These screenshots are for the watch pages for each of the five videos that support my argument.

40.     In addition to the screenshots of the watch pages, the Court can also see the videos themselves by going to the following url: https://www.youtube.com/playlist?list=PLpL3n7W6QqgCI7y_BjROO7mKs3loJmUwP.

41.     As you can see, the only one of those video videos that were not verbatim clips, if not entire videos, was the "Acerthorn Theme Song" video. But as I explained in Dkt. 5, ¶ 47, as well as Dkt. 61-1, ¶ 90, only a handful of them could even arguably be considered "transformative,"

so the slideshow as a whole cannot possibly be considered fair use. The other four videos were nothing but verbatim reposts of my content with no changes whatsoever.

42. So there you have it. I have done precisely what the Defendant – in its grandiose sense of self-entitlement – says I did not do, and what it couldn't be bothered to do itself. I have provided copies of the video library, so now, the Defendant can no longer insist that the facts (to the extent they are material) are not proven beyond material dispute. They must either produce rebuttal evidence or concede.

## Conclusion

43. In conclusion, the Defendant's opposition to this motion for partial summary judgment is bordering on frivolous. They insist that the video library isn't before the Court, yet by making that argument, they have admitted that their own Motion to Dismiss necessarily uses evidence that is no longer IC/JN, meaning that, by their own admission, their motion to dismiss must fail. They then proceed to argue that the video library's status as nothing but blatant infringement without even attempting fair use is not proven, yet they fail to provide evidence of the video library's status, despite claiming to have it. Even barring all of that, John Doe still missed a spot when he tried to delete all the evidence in the hopes of avoiding liability, so the Court can still see for itself what the ATTA channels were all designed to do, and it corroborates my claim that he never had any interest in fair use, only in harassment, doxxing, impersonation, and copyright infringement. But even barring that, I have nonetheless proven, using my own archived copies of the videos, that the video library is, indeed, almost entirely devoid of the sort of "critical content" that the Defendant insists renders the icon vicariously trasnformative.

44. Wherefore, premises considered, I respectfully pray that the Motion for Partial Summary Judgment be granted, and that the Defendant be precluded from arguing that other elements of the ATTA channel make the icon fair use by proxy.

So requested on this, the 21st day of July, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
