David Stebbins (pro se Plaintiff)      123 W. Ridge Ave., APT D, Harrison, AR 72601 (870) 212-4947        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                              PLAINTIFF

VS.                            Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                  DEFENDANTS

## CASE MANAGEMENT STATEMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Case Management Statement.

### JURISDICTION AND SERVICE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101, et seq. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Google has been served with the operative complaint (Dkt. 5) in this proceeding.

2. A motion for leave to file Amended Complaint has been filed in this case. If granted, two new parties to the action would be included and would need to be served.

### FACTS

3. I am a pro se individual who posts videos on YouTube under the alias "Acerthorn." A third-party user of Google's YouTube service created a YouTube channel — called "Acerthorn The True Acerthorn" ("ATTA") - devoted to harassing me, doxxing me, and posting verbatim clips of my videos with no alterations or modifications whatsoever, and used as its "channel icon" a snapshot of Plaintiff's face (superimposed with the phrase "ACERTHORN LAWS"), which was copied from a livestream video that I had previously posted on YouTube and registered with the United States Copyright Office. This icon is an infringement of my copyright.

### LEGAL ISSUES

4. At present, the principal legal issues are whether Google vicariously infringed my copyright in the livestream, whether there is any direct infringement under the federal Copyright

Act, 17 U.S.C. § 101 et seq., and whether the channel icon is a non-infringing "fair use" of Plaintiff's Livestream under the four-factor test set forth in Section 107 of the Copyright Act.

5.  In addition, the Defendant seeks to have me declared a vexatious litigant simply because Google LLC is the defendant in this case, which automatically and to the exclusion of all other factors renders this case frivolous.

## MOTIONS

6.  To my knowledge, there are only four motions that remain pending in this action:
    (a)  Defendant's Motion to Dismiss
    (b)  My Motion to Strike
    (c)  My Motion for Partial Summary Judgment
    (d)  My Motion for Leave to File Amended Complaint

7.  All other motions have been disposed of.

## AMENDED PLEADINGS

8.  As the Defense correctly asserts, I have filed a Motion for Leave to File Amended Complaint in the above-styled action. However, whereas the Defendant claims that this Court should decide the motion to dismiss before it considers whether amendment of complaint should be allowed, they offer no reason whatsoever as to why it should, and that's because they know that, if this Court were to consider the content of the PFAC, it would provide compelling reasons why the icon infringement should not be dismissed with prejudice.

## EVIDENCE PRESERVATION

9.  I have taken steps to preserve some electronically stored evidence in this action which may be relevant to this action, including but not limited to times in the past when I had attempted to negotiate terms for which I would permit a derivative work of some of my videos.

## DISCLOSURES & DISCOVERY

10.  The Defendant has acknowledged that discovery is stayed. If the Court decides to lift that stay, discovery should recommence.

## CLASS ACTION

11.  This is not a class action.

## RELATED CASES

12. This case is not related to any other action currently before the Court, as evidenced by Judge White's order in Case No. 4:21-cv-04184-JSW, Dkt. 180.

## RELIEF

13. I seek statutory damages under 17 USC § 504(c) and injunctive relief under 17 USC § 512(j). The Defendant believes that, because Google is the defendant, the case is frivolous.

14. Take, for example, the Proposed First Amended Complaint. In that PFAC, I added two new counts of infringement which amounted to literally just John Doe, verbatim, posting unaltered clips, and even entire livestream videos, onto his channel with no alterations or modificatons whatsoever. This, according to Google, is a "frivolous" attempt at making a claim for copyright infringement. Why? Because Google says so.

## SETTLEMENT AND ADR

15. The Defendant believes that settlement negotiations will likely not be productive. Perhaps they are right, but they are the ones, not me, who are the reason it will not be productive. I have a modest request in all of this: For all of the harassment, defamation, copyright infringement, and all other cyber crimes levied against me to stop. That's literally all I ask. But according to Google, that is worthy of being declared a vexatious litigant.

## OTHER REFERENCES

16. I agree with the Defendant that this case is not suitable for references to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF THE ISSUES

17. I believe the issues can be narrowed. First, Google claims that two of the legal issues ot be litigated are "whether Google vicariously infringed Plaintiff's copyright in the Livestream" and "whether there is any direct infringement under the federal Copyright Act." However, neither of these are genuinely able to be disputed.

18. I issued a DMCA Takedown Notice and Google did not take the infringing icon down. Therefore, they have lost their safe harbor. It's as simple as that.

19. I have a copryight to this livestream, and ATTA copied a snapshot from that stream. It's as

simple as that.

20.     Therefore, these two issues cannot be put into genuine dispute. Therefore, the issues should be narrowed only to fair use and fair use alone.

## EXPEDITED TRIAL PROCEDURE

21.     I agree with google that it is premature to formulate a view concerning the expected length of any trial at this stage.

## SCHEDULING

22.     It is premature to discuss the full case schedule at this stage.

## TRIAL

23.     No jury trial has been requested.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES

24.     I have no interested entities of my own to report.

## CONCLUSION

So submitted on this, the 24th day of July, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
