1  RYAN S. BENYAMIN, State Bar No. 322594
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   1900 Avenue of the Stars, 28th Floor
3  Los Angeles, California 90067
   Telephone: (424) 446-6913
4  Facsimile: (866) 974-7329
   rbenyamin@wsgr.com
5

6  JASON MOLLICK (*pro hac vice*)
   JEREMY P. AUSTER (*pro hac vice*)
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  1301 Avenue of the Americas, 40th Floor
   New York, New York 10019
9  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899
10 jmollick@wsgr.com
   jauster@wsgr.com
11

12 *Counsel for Defendant Google LLC*

13                  UNITED STATES DISTRICT COURT
14                NORTHERN DISTRICT OF CALIFORNIA

15

16  DAVID STEBBINS,                          )   CASE NO.: 3:23-cv-00322-TLT
                                             )
17              Plaintiff,                   )   **DEFENDANT GOOGLE LLC'S**
                                             )   **OPPOSITION TO PLAINTIFF'S**
18         v.                                )   **MOTION FOR LEAVE TO FILE**
                                             )   **AN AMENDED COMPLAINT**
19  GOOGLE LLC,                              )
20                                           )   Judge: Hon. Trina L. Thompson
                                             )   Date: August 8, 2023
21              Defendant.                   )   Time: 2:00 p.m.
                                             )
22                                           )   Action Filed: January 20, 2023
                                             )
23                                           )
                                             )
24                                           )
                                             )
25

26

27

28

1   Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 61, the "Motion") is his

2   latest attempt to delay the resolution of Google's pending Motion to Dismiss and to Declare

3   Plaintiff a Vexatious Litigant (Dkt. 31) and to improperly supplement his argument against

4   Google's fair use defense.  Google's Motion to Dismiss argues that the allegedly infringing

5   "channel icon" at issue in this case is a non-infringing fair use of Plaintiff's copyrighted

6   "Livestream" under Section 107 of the Copyright Act (17 U.S.C. § 107).  That motion is fully

7   briefed and the Court took it under submission on June 9, 2023, after the parties agreed that it was

8   ripe for resolution on the papers.  Dkt. 58.  Plaintiff recently filed a notice asking this Court to

9   "bring the case current" by ruling on the Motion to Dismiss.  Dkt. 60.

10   Plaintiff now seeks leave to file a Proposed Amended Complaint, which by his own

11   admission is primarily an unauthorized sur-reply to Google's Motion to Dismiss.  *See* Dkt. 61-1.

12   The bulk of the so-called "complaint" (*85 paragraphs*) is dedicated to (misguided) legal arguments

13   over why Plaintiff believes the at-issue channel icon is not fair use. *Id.* ¶¶ 70-155.  If there were

14   any doubt as to the true purpose of this document, Plaintiff makes it clear in his Motion, insisting

15   that the arguments therein "absolutely need to be considered when adjudicating the defendant's

16   Motion to Dismiss on the grounds of 'obvious fair use.'"  Dkt. 61 ¶ 4.  This Court previously

17   rejected Plaintiff's attempt to disguise an "unauthorized sur-reply" to Google's Motion to Dismiss

18   as a summary judgment motion (Dkt. 52).  This latest gambit should likewise be rejected as a

19   violation of Civil Local Rule 7-3(d) ("Once a reply is filed, no additional memoranda, papers or

20   letters may be filed without prior Court approval ….").  Plaintiff's Motion for Leave is another

21   example of the "blatant gamesmanship" and "efforts to manipulate the litigation process" that

warrant declaring him a vexatious litigant in this District, as his home district has already done.[1]

*Stebbins v. Polano*, No. 21-cv-04184-JSW, Dkt. 134 at 1 (N.D. Cal. July 11, 2022).

As to the new copyright claims and allegations included in the Proposed Amended Complaint—which suffer from serious pleading deficiencies—they concern different alleged copyrighted works and different instances of alleged infringements.  They have no bearing on whether the allegedly infringing channel icon described in the operative complaint is a fair use. Additionally, if Google's Motion is granted and Plaintiff is declared a vexatious litigant, the scope of that sanction and any pre-filing screening order would necessarily inform the extent to which Plaintiff can assert his new infringement claims.  *See* Motion to Dismiss at 24-25.

Further, given Google's pending Motion to Dismiss, it would be unduly prejudicial to send this case back to square one by requiring Google to respond to a Proposed Amended Complaint that largely seeks to relitigate the same alleged channel icon infringement and fair use defense. This is particularly so given that the Motion to Dismiss is already fully briefed and under submission, and Google has been forced to expend significant time and resources responding to numerous frivolous motions related to it (*see* n.1).  *See, e.g.*, *Steinmeyer v. Lab'y Corp. of Am. Holdings*, No. 22-cv-01213-DMS, 2023 WL 2994115, at *2 (S.D. Cal. Apr. 17, 2023) ("[D]efendants have moved to dismiss and their motions are now fully briefed and under submission.  It would unduly prejudice … Defendants to allow Plaintiff to file an amended

---

[1] Plaintiff has sought to derail a ruling on Google's Motion to Dismiss since the inception of this case. Before Google even filed the motion, Plaintiff filed an ex parte motion for a protective order to "protect [him] from having to litigate" against arguments that he "fear[ed]" Google's counsel would make in its motion.  Dkt. 11 at 1, *denied* at Dkt. 54.  Then he filed a procedurally-invalid motion to strike Google's Motion to Dismiss (Dkt. 32), which technically remains pending (Dkt. 58).  He also filed a motion for an indefinite extension of time to respond to the Motion to Dismiss (Dkt. 24), which the Court denied for lack of good cause (Dkt. 35). And he filed an improper Motion for Partial Summary Judgment which sought to preempt Google's Motion to Dismiss by asking this Court to declare foundational elements of the fair use analysis "entirely irrelevant" to the inquiry.  Dkt. 49.

complaint at this stage and would cause Defendants to accrue additional cost to defend against the new complaint.  It would also unduly delay the resolution of this matter.").

　　　For these reasons, Plaintiff's Motion for Leave should be denied.  At a minimum, Google's Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant should be decided before this Court takes up Plaintiff's Motion for Leave or determines whether Plaintiff should be permitted to file an amended complaint in this case.[2]

Dated: July 31, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　WILSON SONSINI GOODRICH & ROSATI
　　　　　　　　　　　　　　　　　　　　Professional Corporation


　　　　　　　　　　　　　　　　　　　　By:　/s/ *Jeremy Auster*
　　　　　　　　　　　　　　　　　　　　Jason Mollick (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Jeremy P. Auster (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　1301 Avenue of the Americas, 40th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 999-5800
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 999-5899
　　　　　　　　　　　　　　　　　　　　jmollick@wsgr.com
　　　　　　　　　　　　　　　　　　　　jauster@wsgr.com

　　　　　　　　　　　　　　　　　　　　Ryan S. Benyamin
　　　　　　　　　　　　　　　　　　　　1900 Avenue of the Stars, 28th Floor
　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　　　Telephone: (424) 446-6913
　　　　　　　　　　　　　　　　　　　　Facsimile: (866) 974-7329
　　　　　　　　　　　　　　　　　　　　rbenyamin@wsgr.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Google LLC*

---

[2] Any amended complaint would also need to be screened under the *in forma pauperis* statute statute, which provides that a court "shall" dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) if it determines the complaint is frivolous or fails to state a claim, and need not "accept without question the truth of [] [P]laintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), *superseded by statute on other grounds as recognized in Walp v. Scott*, 115 F.3d 308, 309 (5th Cir. 1997) (explaining that 1996 amendment to IFP statute "removes some of a federal court's discretion by **requiring** the court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted") (emphasis added).