David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947        acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                   PLAINTIFF

VS.                                         Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                                        DEFENDANTS

### REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply to Dkt. 68, Opposition to Dkt. 61, Motion for Leave to File Amended Complaint.

1. First, I wish to point out that the Defense counsel has, quite rudely, ignored my request that they specify whether YouTube will agree to receive service of process via Google's counsel if this motion were granted.

2. In any event, the Defendant's arguments for why this motion should be denied are just as weak as their claims for why the infringing icon is "clearly" fair use.

**They say my legal arguments are misguided. Even if that were the case (which they have not proven), it doesn't make my case frivolous.**

3. First, they insist that the Court consider whether I should be declared a vexatious litigant *before* considering whether to grant me leave to file an Amended Complaint. They have offered no reason whatsoever (let alone a compelling reason) why the Court should do this, but it is obvious why they *want* the Court to do this: They think that, if I am declared a vexatious litigant first, I can't proceed with these two extra claims. Since they know that YouTube LLC would never be able to defend against the second claim (the only claim for which I seek to hold YouTube liable), their only hope for avoiding liability is to preemptively strip me of my constitutional right to court access.

4. The Defendant's grounds for having me declared a vexatious litigant are paper thin at best. Literally, their entire case for having me declared vexatious begins and ends with the fact that this lawsuit is frivolous. Their entire case for saying that this lawsuit is frivolous begins and

ends with the claim that the infringing channel icon is fair use. But their entire case for claiming fair use begins and ends with the fact that they have made some arguable, token showing in three out of the four[1] fair use factors, and that my counter-arguments are, in some nebulous way, "misguided."

5.  It's ridiculous that this needs to be explained to the Defendant. Even if the Court finds the icon to be fair use (which it has not done yet), that does not make the case frivolous. By their logic, if the Court finds that the icon *isn't* fair use, does that mean *their* motion to dismiss was necessarily frivolous? Granted, I definitely believe their motion to dismiss is frivolous, but not simply by dint of them claiming the icon was fair use when it wasn't. The right to court access means nothing if being wrong in any capacity automatically label's the author of the argument as frivolous or vexatious.

6.  The Defendant's attitude regarding the frivolousness of this case can best be illustrated as follows: Imagine if there was a perjury charge before this court. Someone (let's call her Jenny) was being accused of lying under oath when giving testimony. To support the perjury charge, the prosecution brings in a rebuttal witness (let's call him Mark) to rebut Jenny's testimony. Now imagine if that was *literally the prosecution's entire case* to convict Jenny of perjury! The prosecution didn't prove that Jenny's testimony was objectively and utterly false, just the existence of a single rebuttal witness, and more importantly, the prosecution doesn't even *try* to offer any evidence at all that Jenny actually *knew that her testimony was false*!

7.  If such a case were to ever come before this Court, you (Judge Thompson) would absolutely issue a directed verdict for the defendant, heavily reprimand the prosecutor who brought the charges, and possibly even refer that prosecutor to the Office of Professional Responsibility for potential sanctions for misconduct.

8.  That is, effectively, what the Defendant is doing in this case. At best, they have offered a competing legal theory as to why the icon should be considered fair use. But aside from simply

---

1  I say "three out of four" because, in regards to the fourth factor, they don't make even so much as a token effort to make a case for it being in their favor. They literally just say that the icon "could not possibly" intrude on my derivative rights, but they don't provide even a scintilla of evidence to support this outlandish claim. This is especially problematic in regards to the fourth factor, since, as I explain in my Opposition to Motion to Dismiss, this is the single most important factor of fair use.

insisting that my understanding of fair use law is, in some vague way, "misguided," but they have not even attempted to show how my legal arguments for fair use (which are backed by binding precedent) meet the exceptionally high threshold to be considered "frivolous." To be frivolous, my legal arguments have to be either (A) already rejected by binding precedent[2], or (B) so overwhelmingly nonsensical that no sane person could possibly come to the conclusion that I came to[3]. The Defendants have not even tried to prove the latter, and their arguments for the former are based on unpublished case law, extremely narrow interpretations of what is eligible to be considered "creative," and (in the case of the fourth factor of fair use) blanket claims of a lack of derivative market harm with no evidence whatsoever in support of them.

9. In fact, the Defense counsel has even admitted that they do not believe it is a foregone conclusion that this case will in fact be dismissed, which in turn means that my legal arguments are not frivolous. They even *admitted* to as much during our 26(f) conference on March 30, 2023. See https://youtu.be/_SE9GHiDAco at timestamp 23:33 – 24:16, defense counsel outright admits that he does not know what the ruling will be on the motion to dismiss. There are plenty of other instances during this call when the defense counsel admits to this, if the Court wishes to listen to the whole thing; this is just one timestamp I was able to find in a pinch.

10. In other words, by their own admission, there is in fact grounds upon which reasonable minds may differ regarding whether it is fair use. Therefore, by their own admission, it cannot not meet the legal definition of "frivolous."

**Leave to amend is something the Court already needs to consider. The Defendant knows this and has even admitted to this out loud.**

11. Speaking of the Defendant's own admissions of nonfrivolousness, that leads me to my next point. Defendant snickers at me for acknowledging, in the motion, that leave to amend is

---

2 Such as the common misconception that is often perpetrated on YouTube that all you have to do in order to get fair use is to provide criticism. From this common misconception, it is now commonplace to find reaction videos on YouTube that play the entirety of the videos they are reacting to, mostly making funny faces in reaction to these original videos, and only occasionally stopping to provide anything more substantial than merely greeing or disagreeing with the points. Obviously, these reaction videos are extremely weak cases for fair use, and black letter law clearly says as much.

3 For example, if I were to argue that the icon cannot be fair use simply because a plaintiff's litigiousness is not eligible to be criticized under fair use law in the first instance. That has, admittedly, never been litigated before, but only because it's such a ridiculous and absurd legal theory that no one in their right mind would actually believe it.

something the Court should allow unless amendment would be futile. They insist that my inclusion of this language is tantamount to an admission that I am just filing this motion in a second attempt to make an "unauthorized surreply" to the motion to dismiss.

12. At timestamp 20:40 – 20:53 of the aforementioned 26(f) conference, you can hear him admitting, not only that he didn't know what the ruling on the Motion to Dismiss was going to be (thereby proving that the case isn't as frivolous as he claims it is), but also what the Court would do regarding leave to amend! He *admitted* that dismissal with leave to amend was a possibility!

13. In other words, the Defense counsel admitted that leave to amend is something the Courts ordinarily consider when dismissing a complaint for failure to state a claim! This isn't something I made up just so I could get a second bite at the apple, but a well-established part of how Rule 12(b)(6) dismissals work.

14. The Defendant knows this and has admitted to this out loud, which means that their attempts to pass my legitimate, good faith reminder of this step in the process as a bad faith attempt to issue an unauthorized surreply is frivolous in itself.

 **This is the epitome of a toxic and abusive relationship, and the Defendants are the abusers.**

15. Most of their 4-page opposition consists of the Defendant doing little more than venting, with such lines as "The bulk of the so-called 'complaint' (*85 paragraphs*) is dedicated to (misguided) legal arguments over why Plaintiff believes the at-issue channel icon is not fair use" (emphasis in original) and "Plaintiff's Motion for Leave is another example of the 'blatant gamesmanship' and 'efforts to manipulate the litigation process' that warrant declaring him a vexatious litigant in this District."

16. However, it is clear that they simply find fault with everything I do, simply because they don't like me personally. It's like an abusive relationship, and the Defendant here is the abusive boyfriend. Nothing I (the victim of the abuse) say or do is ever good enough. Everything is wrong in their eyes.

17. Even cases that don't concern them are still considered frivolous in their eyes. For example, in Dkt. 63, p. 7, lines 22-25, they complain about a defamation lawsuit I have filed, claiming that I am suing this man for "fairly criticizing" me, when in fact, the defendant in that

case made absolutely false statements about me, which I can prove to be false. They don't want me to even so much as have my day in court, not because they have objective evidence that my allegations are false, but simply because, par to the course for an abusive relationship, I can't do anything right in their eyes.

**The new complaint is sufficiently similar to the original one.**

18. The closest the Defendant comes to offering a tangible reason as to why leave should not be granted is by alleging that the two new claims I seek to bring are not sufficiently related to the original claim. However, this is such an absurd argument that it is a waste of time for me to even be put to the task of refuting it.

19. The two new claims not only are related to the original one, but were in fact mentioned in the original complaint! Specifically, in Dkt. 5, Section IV-4-B, in ¶¶ 45 & 47, I reference these two other videos in support of my argument that the "channel as a whole" is majority dedicated to verbatim reposting of my videos with no trasnformative effort whatsoever. All I am seeking to do with the PFAC is to upgrade these two videos from parole evidence regarding the icon's transformativeness to stand-alone infringement claims. Nothing more, nothing less.

20. So how can the Defendant legitimately argue that these two claims are unrelated to the original claim when they have literally been part of this case in some capacity since Day One?!

21. Now, combine that with the fact that the PFAC seeks to add the original individual infringer to the case as a John Doe, and the case is absolutely sufficiently related to the original complaint. It is downright frivolous that they argue otherwise.

**"send Google back to square one"**

22. In their desperate attempt to avoid having to litigate these two new additional claims, they also make the absurd argument that granting the motion to dismiss would "send Google back to square one" and force them to re-litigate the icon that they've already made their arguments for. Because, as I mentioned above, I can't do anything right in their eyes, they completely ignore the fact that I already addressed this concern in the motion itself. In Dkt 61, ¶ 6, I state …

> "Even if the Court is already planning on dismissing the 'channel icon' claim of infringement, it can still avoid unnecessarily redundant filings through the simple

expedient of (A) granting this motion, (B) performing a sua sponte § 1915 review of the FAC and dismissing Infringement #1 (and in the process, dismissing Google LLC as a party), and (C) allowing me to proceed to litigate Infringements #2 and #3."

23. The Defendant does not even acknowledge this suggestion, let alone make even the slightest attempt to argue why this suggestion is insufficient to protect Google's rights under the doctrine of res judicata. Obviously, they ignored it because they cannot refute it.

24. Therefore, the Defendant's claim that granting this motion would send them back to square one is frivolous.

## Conclusion

25. In conclusion, the Defendant has not offered one single compelling reason why leave to file this amended complaint should not be granted. Literally, their only reason for why I should be denied leave is because I'm a doo-doo head who doesn't deserve to have access to the courts, simply because they say so.

Wherefore, premises considered, I respectfully pray that the Motion for Leave to File Amended Complaint be granted.

So requested on this, the 6th day of August, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)