David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601 (870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                                    PLAINTIFF

VS.                                        Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                                      DEFENDANTS

### REPLY IN SUPPORT OF MOTION TO VACATE JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Reply in continued Support of my Motion to Vacate Judgment.

### Motion for Reconsideration Improperly Styled as a Motion to Vacate

1. The Defendant has put forth an extremely short opposition. Their entire case for opposition this motion is that it is a motion for reconsideration improperly styled as a motion to vacate.

2. I disagree. I believe that a motion to vacate is procedurally proper in this case. While it may be true that a motion for reconsideration may also be proper, that doesn't mean that a motion to vacate is necessarily *improper*, either. It just means it could have been either one.

3. In any event, I am also filing a Motion for Leave to File Motion for Reconsideration alongside this reply, rendering moot the Defendants' opposition.

### The Court did indeed fail to consider numerous issues.

4. The only other grounds the Defendant raises for why the motion should be denied is that I merely am raising the same arguments that the Court already rejected. However, as I explain in the motion, this is blatantly untrue. The vast majority of my grounds for vacation are that the Court *didn't* consider numerous issues which I properly put before it! Chief among these issues which the Court blatantly ignored are the "unclean hands" doctrine as an exception to fair use. But even barring that, other issues the Court ignored include, but are not limited to ...

    (a)    The fact that the portion of my stream which ATTA actually copied should be what decides the second factor of fair use.

(b)     My argument (supported by a citation to binding precedent) that the uncorroborated and unproven declarations by the Defense that the infringement does not create a market substitute, by itself, is never grounds for finding the fourth factor of fair use to be in the defendants' favor.

5.     All of these are issues that the Court failed to consider in any way, shape, or form. Therefore, the Defendant is simply lying when it said that the Court had already considered them.

### My legal right to record my call with Jeremy Auster

6.     I would now like to take some time to further clarify, and supplement with additional legal citations, various parts of my original motion that the Defendant has not addressed.

7.     First, as I recently pointed out in Dkt. 76, I recently remembered that I only ever spoke to Jeremy Auster during the recorded phone call, and that means that both the caller and recipient were in one-party-consent states, which not only makes my recording thereof legal, but also strips the State of California (and, by proxy, the federal courts within them) of jurisdiction over the alleged recording. The arguments contained in Dkt. 76 are hereby incorporated by reference.

8.     If the Defendant wishes to make an argument against that, they can do so by filing an opposition to the Response to Order to Show Cause.

9.     In addition to all the arguments and facts I presented in Dkt. 76, I also wish to point out that Jeremy Auster has since engaged in email correspondence, both with me and the Court, where he affirmatively admits to the facts which I brought up in that response. Specifically, he admits that (A) he called me for the 26(f) conference from his personal cell phone, and (B) he did so because his office phone was not working at the time. See **Exhibit A**.

10.     Therefore, it is now proven by Auster's own admission that he was in New York at the time, as well as making it even less likely than it already was that Ryan Benjamin was listening in. After all, he says his office phone was malfunctioning, which obviously means he must have been within reach of his office phone in order to verify that, which proves that he was in New York at the time. Also, because it was his *personal* phone, Ryan Benjamin likely couldn't have listened in, even if that might have been the plan initially, since Mr. Auster's *personal* cell phone

likely wouldn't have had the software installed on it needed to facilitate that eavsdropping.

11.     This proves beyond any doubt that (A) it was a call between Arkansas and New York, both of which are one-party consent states, and (B) therefore, the state of California has no jurisdiction over the recording.

12.     Therefore, the Court should grant the relief I gave in the Motion to Vacate and dissolve its order for me to delete the recordings, as the Court had no authority to demand that.

### No leave to amend is automatically an abuse of discretion.

13.     In addition to all of this, I would like to bring to the Court's attention some binding precedent that I recently remembered. I also referenced this in a footnote in Dkt. 76, but it bears repeating here.

14.     The Court denied me leave to amend the complaint without giving any reason. This, however, has already been held by the Supreme Court to constitute an abuse of discretion, per se. See Foman v. Davis, 371 US 178, 182 (1962):

> "The Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint ... Rule 15 (a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason ... the leave sought should, as the rules require, be freely given. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but ***outright refusal to grant the leave without any justifying reason appearing for the denial*** is not an exercise of discretion; it ***is merely abuse of that discretion*** and inconsistent with the spirit of the Federal Rules." (emphasis added; citations and quotations omitted)

15.     The closest the Court has come to giving a reason why leave to amend should not be given is because "Briefing for Defendant's motion to dismiss ... has completed. If Defendant[1] is given leave to amend, the motion practice would simply restart, with resources thus spent wasted." From this, it appears as if the Court is claiming that the defendant would be somehow prejudiced if leave to amend were granted.

16.     But if you actually stop to think about this reasoning, it makes no sense. If that alone

---

[1] I think the Court meant to say "Plaintiff."

were enough to justify denying leave to amend, there would never be a case in federal court that wouldn't meet that standard. The Court has given no reason why this case in particular is somehow special or different from the other countless cases filed in federal court every year where granting leave to amend the complaint would not have effectively resulted in the loss of the defendant's time and resources spent moving to dismiss the first complaint. At that point, it's not even a "reason given" at all, but is instead the very problem the Foman court advised against (outright refusal to grant leave without any justifying reason appearing for the denial) in a slightly different coat of paint. It's basically the equivalent of a parent telling their child "because I said so" and claiming *that* counts as a "reason given."

17. For this reason alone, the Court should vacate its previous order and grant me leave to amend my Complaint.

**Reminder of the due process violations the Court committed when declaring me vexatious.**

18. In addition, I also wish to remind the Court that it violated my due process rights when it swapped out the original grounds for declaring me vexatious (which I had a full and fair opportunity to argue against) with different grounds. The original motion to declare me a vexatious litigant was based around the filing of this lawsuit in the first place. When the Court actually declared me vexatious, it acknowledged that the lawsuit, by itself, was not frivolous, but instead decided that the numerous motions I had filed were worthy of declaring me vexatious. It then proceeded to declare me vexatious on that theory, despite never giving me a chance to argue my case on that ground.

19. This flagrant disregard for my due process rights reminds me of a story I heard in a documentary about how black people were treated in the neoslavery period in US history. The clip discussing this story can be found here:

https://youtube.com/clip/UgkxF54Qq4EemUA9h9uwyFOfx2hfenKI6eC2

20. For the record, I do not know if this story is true or not. However, I am not offering this clip as proof of the truth contained therein. I am merely offering it as an illustrative example of the level of sheer, utter unfairness that such a practice inherently entails.

21. In the instant case, this abuse of power happened and there's no two ways about it. It is on

record that the Court acknowledges that the Complaint alone is not frivolous, but rather than declining to declare me vexatious (like it should have done), the Court instead inserted its own, surprise grounds to declare me vexatious. Like in the (possibly fictional) example given above, rather than begin the process anew and give me a renewed opportunity to argue against that, the Court instead just summarily declared me vexatious without giving me even one sentence to argue against this new, never-before-raised grounds for declaring me vexatious.

22.   Therefore, the Court's judgment is just as unconstitutional as that example above would be if it were true. Therefore, in addition to all the other reasons I gave in the motion (which the Defense declined to argue against), the Court must vacate its declaration that I am vexatious.

## Conclusion

23.   Wherefore, premises considered, I respectfully pray that the Court vacate its previous order. So requested on this, the 17th day of September, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
