David Stebbins (pro se Plaintiff)      123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                  PLAINTIFF

VS.                                            Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                  DEFENDANTS

### SUPPLEMENT TO [076] RESPONSE TO [075] ORDER TO SHOW CAUSE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplemental Argument in Support of Dkt. 76, my Response to Order to Show Cause why I Shouldn't be Sanctioned for failing to comply with the Court's order to delete the clandestine recordings.

### This otherwise untimely supplement is proper because it expands on a jurisdictional challenge.

1.      Normally, the Court would have discretion to strike a supplementary argument like this one because the opportunity to file pleadings in this matter have already closed. However, because I am about to expand on my argument that the Court lacks jurisdiction, I am allowed to raise these arguments at any time, even after entry of judgment, and even for the first time on appeal. Therefore, these arguments are still properly before the Court.

### Even if Ryan Benjamin was a party to the case, it still doesn't establish personal jurisdiction in the *Northern* District of California.

2.      As I mentioned in the previous brief, Ryan Benjamin practices out of California. As such, if he were a party to the March 30 call, it might have been subject to California's "all party consent" law. However, it is important to remember that Mr. Benjamin practices *out of Los Angeles*!

3.      This means that, even if the defendants can prove that Mr. Benjamin was a party to the call, it would still strip this Court of jurisdiction. While there might be minimum contacts in California, the *Northern* District of California still would not have jurisdiction over the matter;

the *Central* District would!

4.      Even if Mr. Auster practiced out of an all-party consent state, such as Washington State, jurisdiction would instead be vested in the courts of that state, not this one.

5.      The only way that *this* court (and Judge Trina Thompson specifically) could exercise personal jurisdiction over the recording is if you were to find that the recording was "pursuant to an official proceeding." But as I've already explained, that puts the Court in a Catch-22, because by making that finding, it must also acknowledge that I was statutorily entitled under California law to record the phone call anyway. See See Nissan, supra at 1089 (finding that the recording was not part of an official proceeding, but in doing so, acknowledged that the law would have entitled the party to record if it was indeed part of an official proceeding).

**The burden of proof lies on the party seeking to establish personal jurisdiction, on the party objecting to it.**

6.      For the majority of affirmative defenses, the burden of proof typically lies on the party raising the defense. But in the case of personal jurisdiction, it's different. The party seeking to establish personal jurisdiction (in this case, the Court itself, seeing as the Court acted sua sponte in this regard, but it could also be the defense) must prove that the Court has jurisdiction over the person. See https://www.hunt-lawgroup.com/siteFiles/News/Challenging%20Personal%20Jurisdiction.pdf.

7.      In the case of Stebbins v. Google LLC, the Court has personal jurisdiction over the Plaintiff because I voluntarily filed suit in this district, and it has personal jurisdiction over the defendant because this is the district in which the Defendant's corporate headquarters is located. So on the issue of copyright infringement, personal jurisdiction is a trivial matter that was never called into controversy.

8.      But for the recording of the phone call, it happened outside this Court. Bear in mind that the Court concerned with merely the fact that I used the recording as evidence in a motion, but that I had the recording at all.

9.      As long as I broke no laws in *recording* the phone call, I can still use it. For example, as a former federal public defender, you know as well as anyone that, if an otherwise illegal recording

were to ever leak publicly online, prosecutors are still allowed, under the 4th Amendment, to use that leaked recording in their prosecutions, even if that same evidence would have been in violation of the defendant's 4th Amendment rights if the prosecutor and/or police had acquired it through their own illicit efforts.

10.     Therefore, it is the recording, and *only the recording*, that can possibly be punished here. That is not something that inherently happened on Californian soil.

11.     As such, the only way personal jurisdiction can be established simply by dint of the fact that I (the Plaintiff) voluntarily absolved myself of the jurisdiction of this court is if the clandestine recording was "pursuant to an official proceeding." But as I've already explained, that puts the Court in a Catch-22, because by making that finding, it must also acknowledge that I was statutorily entitled under California law to record the phone call anyway. See See Nissan, supra at 1089 (finding that the recording was not part of an official proceeding, but in doing so, acknowledged that the law would have entitled the party to record if it was indeed part of an official proceeding).

12.     This means that alleging that Ryan Benjamin being a party to the call is the Court's last bastion of hope for having the recording be declared illegal. But even then, as I explained above, the Court cannot exercise jurisdiction over the matter; it must refer the case either to Martin Estrada (U.S. Attorney for the Central District of California) or to George Gascón (current DA for Los Angeles County, CA), and hope for the best.

13.     Of course, even if the Court were to do that, there are two problems with that approach. First, the prosecution would have to *actually prove* that Ryan Benjamin was a party to the call, and since I have permanently deleted the recording, proving that would be an uphill battle to say the least. Second, I would still be entitled to all the rights afforded me under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, including the right to appointment of counsel and the right to due process of law.

14.     This leads me to my final point for this supplement:

**The Court should have issued an order to show cause *before* imposing any legal obligations on me.**

15.     As the Court correctly pointed out in its order, it is an essential element to my constitutional right to due process that I be afforded at least one opportunity to argue my case before my rights are stripped from me. See Dkt. 71, p. 14, lines 18-23.

16.     But in this instance, the Court never did that. It never issued me any order to show cause why I should not be made to permanently delete the recordings, but instead just cut straight to ordering me to do so without even giving me one day to show cause why I should not be made to do so.

17.     As I have hopefully demonstrated in my briefings covering the topic, I could very easily have proven that I broke no laws (or at the very least, that this Court would not have jurisdiction over this dispute) if I had been given the chance to do so.

18.     Juxtapose this Court's behavior with its colleague's behavior in Case 4:23-cv-00321-DMR Stebbins v. Doe. In Dkt. 12 of that case, the magistrate judge expressed skepticism about whether it had personal jurisdiction over the Plaintiff, and even cited unpublished case law in support thereof. However, rather than dismissing the case outright, he gave me the benefit of the doubt and gave me an opportunity to address his concerns. I did so when I filed Dkt. 13, and, when the judge issued Dkt. 18, he seemed satisfied with my arguments that minimum contacts had been established in California.

19.     A similar incident occurred in Case 4:21-cv-04184-JSW (Stebbins v. Polano), where Judge White expressed concerned (Dkt. 45), gave me a chance to express those concerns (Dkt. 53), and acknowledged that my arguments were satisfactory (Dkt. 54, p. 2, line 25 through p. 3, line 3).

20.     My track record on these things demonstrates that there is indeed a reasonable chance I could have satisfactorily addressed the Court's concerns, if only I had been given the chance to do so.

21.     The fact that the Court did not do so in this case, but instead proceeded to summarily impose legal obligations on me with no hearing or due process of any kind, is an egregious

violation of my constitutional rights.

22.      For this reason alone, the Court should vacate its previous order (the *entirety* of Dkt. 71, not just the part about deleting the recording), recuse itself, and allow another judge to decide the newly-reinstated motion to dismiss.

So requested on this, the 24th day of September, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)