David Stebbins (pro se Plaintiff)      123 W. Ridge Ave., APT D, Harrison, AR 72601 (870) 212-4947          acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                          PLAINTIFF

VS.                                      Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                              DEFENDANTS

### STATEMENT OF RECENT DECISION IN SUPPORT OF [73] MOTION TO VACATE JUDGMENT AND [80] MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Statement of Recent Decision in the above-styled action.

1. On August 31, 2023, this Court entered an order declaring me a vexatious litigant and requiring all future complaints against Alphabet Inc., Google LLC, or YouTube LLC, as well as all copyright-related complaints regardless of who the defendant is, to be submitted to a duty judge for a determination of nonfrivolousness. See Dkt. 71.

2. The next day, I filed a motion to vacate judgment. See Dkt. 73. One of the arguments I made in support of that motion was that the sanctions imposed on me were entirely redundant of the § 1915 review that I am already subject to because I am proceeding in forma pauperis. See Dkt. 73, ¶¶ 79-83.

3. A recent development in a newly filed case corroborates this argument.

4. In Case 5:24-mc-80006-PCP, I was forced to file a new lawsuit against a Brazilian resident (and presumably citizen) named Thiago Chagas Garcia Baz because he had issued a DMCA Counter-Notification (despite *YouTube's own lawyers* agreeing with me that the videos weren't fair use after manually vetting them), so I had to file suit in order to prevent his infringing videos from being reinstated.

5. Per this Court's order, this case was referred to the duty judge (in this case, the Honorable P. Casey Pitts). However, once the case was finally uploaded to Pacer, a Clerk's Notice was filed

almost immediately thereafter, terminating as moot my IFP application on the grounds that it was already submitted to the duty judge for filing determination. See Dkt. 3 in that case. See also Exhibit A.

6. This Clerk's Notice only serves to corroborate and prove precisely what I mentioned in the motion to vacate judgment: That this sanction is entirely redundant because I'm already subject to an identical review to begin with. If you have one, you don't need the other at all.

7. In fact, the way this case has been handled only demonstrates the problems that are inherent to this Court's sanction. Although the Court received the lawsuit as early as January 10, it wasn't actually posted to Pacer until January 17 because of this pre-filing order. I spent an entire week repeatedly calling the Clerks' Office to try and get a filemarked copy of that complaint. You can listen to the recordings here: https://www.youtube.com/playlist?list=PLpL3n7W6QqgAnnDIRWGDW4C7JdM4oDSyG

8. And before the Court gets made at me, yes, I fully disclosed to the Clerk's Office that I was recording these calls. In the third video on that playlist ("2024-01-10 Clerk's Office #3"), at timestamp 4:55 – 5:57, I made a full, transparent disclosure that I was recording the calls. The Clerk who I spoke to throughout that playlist never objected to these records, and so her consent to being recorded (assuming I even needed her consent to begin with, since she was a federal employee) is implicitly given according to the doctrine of qui tacet consentiture videtir.

9. Anyway, the *reason* was so adamant about the case being uploaded to Pacer (or at the very least, that I be given a filemarked copy of the complaint) was so I could show that Complaint to YouTube in response to the DMCA Counter-Notification, so that they would not reinstate the infringing videos. See Exhibit B:

> "You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement."
> (emphasis in original).

10. As I repeatedly make clear multiple times in the above playlist of recorded calls, my concern was not that the case would be thrown out (after all, YouTube's own lawyers agreed that

it wasn't fair use after manual review, so how could the case possibly be frivolous), but that I would suffer irreversible harm by having the infringing videos be reinstated, even though I filed the lawsuit within the statutorily-prescribed deadline, simply because the Court refused to give me any *proof* that I had done so until it was too late.

11. I'm fairly certain that this is not what this Court had in mind when it issued its pre-filing order last August.

12. If I hadn't nagged the Clerk's Office repeatedly over the course of an entire week, there is a 99% chance that is precisely what would have happened. Of course, if I never had the pre-filing order in the first place, I would have gotten the filemarked copy of the complaint automatically while still being subject to the sua sponte review that the pre-filing order was supposed to facilitate.

13. When you look at it from that point of view, the sanctions this Court has imposed upon me are *literally* less than worthless. It's like a cancer cell as opposed to a dead cell. A dead cell is worthless, but a cancer cell is that, plus it steals nutrients away from the rest of the human body, so it would literally be better for a cell to be dead than cancerous. Likewise, not only does this Court's Aug. 31 order fail to provide any non-redundant benefit (certainly not the benefit she thought it was providing), but it actively causes *more* problems in areas that this Court most likely didn't intend!

14. For all of these reasons and more (including all the reasons provided in Dkt. 71), this Court should vacate its pre-filing order and fully reinstate my filing privileges.

So notified on this, the 18th day of January, 2023.

*/s/ David Stebbins*
David Stebbins (pro se)
