UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 23-cv-00322-TLT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND MOTION TO RECONSIDER**<br><br>ECF: 73, 80 |

## INTRODUCTION

Pro se plaintiff David Stebbins ("Plaintiff") filed a Motion to Set Aside Judgment under Rule 60(b), requesting the Court to vacate or modify its' Order Granting Motion to Dismiss and to Declare Plaintiff a Vexatious Litigant. ECF 71, 73. Fed. R. Civ. P. 60(b). The Motion to Set Aside Judgment, however, also requests the Court to *reconsider several interlocutory orders* under Rule 54(b). Fed. R. Civ. P. 54(b).

Google LLC ("Defendant") filed a timely opposition to the Motion to Vacate bringing awareness of Plaintiff's procedural noncompliance regarding the, in effect, Motion for Reconsideration embedded in his Motion to Vacate. ECF 73, 78. Plaintiff responded by filing a formal Motion to Leave to File a Motion for Reconsideration, following appropriate procedure under Local Rule 7-9. ECF 80.

Plaintiff's Motions are hereby **DENIED** for the reasons set forth below.

## FACTS

Plaintiff David Stebbins operates a YouTube channel and Twitch stream by the name of "Acerthorn." Compl. ¶ 1. In May 2021, he performed a livestream on his Twitch channel that can

be accessed at "https://www.youtube.com/watch?v=iDKSx4oi-r0." Compl. ¶ 5. The livestream included a staged discussion about a video game called Dark Souls, including staged expressions, such as Stebbins' facial grin at timestamp 2:17:55–2:18:23, which can be viewed at "https://youtu.be/iDKSx4oi-r0?t=8275." Compl. ¶ 7. He copyrighted this stream in January 2022 with the U.S. Copyright Office. Compl. ¶ 10. Another YouTube channel that goes by "Acerthorn the True Acerthorn," created to harass and dox the Plaintiff, allegedly infringed Plaintiff's registered copyright by using a screenshot of the Plaintiff's face at the timestamp mentioned above and using it as the channel's icon. Compl. ¶ 12. Stebbins issued a Digital Millenium Copyright Act ("DMCA") takedown notice to Defendant Google on August 4, 2022. Compl. ¶ 18. However, Google did not remove the allegedly infringing icon and instead requested "additional information." Compl. ¶ 19. The current claim was filed after Google filed an "opt-out" form in response to Plaintiff filing a claim against Google with the Copyright Claims Board. Compl. ¶ 20.

**PROCEDURAL HISTORY**

Plaintiff filed the initial complaint on January 20, 2023. ECF 1. The complaint was missing a few pages, so the Plaintiff filed a "corrected" version four days later. ECF 5. Defendant Google filed a Motion to Dismiss and declare Plaintiff a Vexatious Litigant on March 6, 2023. ECF 31. The Court granted the motion on August 31, 2023. ECF 71. The following day, Plaintiff filed a Motion to Set Aside Judgment. ECF 73. In its' opposition, Google noted that the Motion to Set Aside Judgment included several challenges to interlocutory orders (*i.e.*, those that are not final judgments), which procedurally must abide by Civil Local Rule 7-9, namely, to file a motion for leave prior to a Motion to Reconsider. ECF 78. Following the opposition, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration. ECF 80.

**STANDARD OF REVIEW**

    **I.**    **Motion to Vacate Final Judgment**

A Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or

excusable neglect." Fed. R. Civ. P. 60(b)(1). "The judgment . . . is based on an earlier judgment that has been reversed or vacated;" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (b)(6).

Mistakes are a judge's legal or factual errors under Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528 (2022).

Rule 60(b)(6) is used "sparingly," and a party must show that "extraordinary circumstances" that prevent prosecuting the case. *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The party must show injury and circumstances beyond control, which prevented them from proceeding with the prosecution. *Cmty. Dental Servs. V. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

## II.  Motion for Leave to File Motion for Reconsideration

A Motion for Leave to file a Motion for Reconsideration must meet the procedural requirements of Civil Local Rule 7-9. A party is required to seek leave from the Court to challenge any interlocutory order with a Motion for Reconsideration. Civ. Loc. R. 7-9(a).

Under the Local Rule, a party must show one of three factors. Civ. Loc. R. 7-9(b). First, that at the time of filing the motion for leave, there was a material difference in fact or law that existed at the time of the interlocutory order but was not presented to the court. Civ. Loc. R. 7-9(b)(1). Second, new material facts or a change of law came to light after the interlocutory order. Third, "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. Loc. R. 7-9(b)(3).

"'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**DISCUSSION**

### I. Motion for Leave to File for Reconsideration

As an initial matter, the Court **DENIES** the Motion for Leave to File Motion for Reconsideration (ECF 80) because it was filed on September 17, 2023, after a final judgment was rendered. Therefore, the Motion is moot. *See* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time *before the entry of final judgment adjudicating all the claims . . . .*").

Furthermore, any arguments aimed at interlocutory orders in the Motion to Set Aside Judgment, ECF 73, will go unaddressed here because the Plaintiff did not properly file a request for leave before putting forth such arguments to reconsider the Court's interlocutory orders. *See* Civ. Loc. R. 7-9(a).

### II. Motion to Set Aside the Judgment

The Plaintiff brings several arguments, many of them repeated from past filings, that attempt to flush out "egregious oversights" in the Court's analysis. We find that Plaintiff's arguments are unpersuasive, do not address the legal standards set forth above, and are further evidence that he should not have access to the Court's filing system as a vexatious litigant. Specifically, they did not point to factual or legal mistakes that were inadvertent or surprising under the appropriate legal standards. Plus, there was no excusable neglect. *See* Fed. R. Civ. P. 60(b). Last, the Plaintiff has not shown why any "extraordinary circumstances" should prevent the prosecution of this action. *See Lal*, 610 F.3d at 524.

//

//

The Court finds that it did not commit factual or legal error in its' final judgment such that the Plaintiff is to be relieved under Rule 60. The Motion to Vacate is hereby **DENIED**.

**IT IS SO ORDERED.**

This Order resolves ECF 73, 80.

Dated: March 26, 2024

_____
Trina L. Thompson
United States District Court Judge