David Stebbins (pro se Plaintiff)     123 W. Ridge Ave., APT D, Harrison, AR 72601 (870) 212-4947     acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                              PLAINTIFF

VS.                              Case 3:23-cv-00322-TLT

GOOGLE, LLC                                                                   DEFENDANTS

## NOTICE PURSUANT TO REFERRAL NOTICE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Notice in Response to the Court of Appeals' referral notice to determine if the Appellant's in forma pauperis status should be revoked.

1.      The Court of Appeals cites Hooker V. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) as controlling precedent. That precedent states, among other things, that, in order to revoke my in forma pauperis status, every grounds for appeal must be frivolous. See id at 1092:

> "We hold that Hooker is entitled to in forma pauperis status for this appeal in toto because the district court found portions of the appeal to be taken in good faith. We conclude that 28 U.S.C. § 1915(a) requires in forma pauperis status to be authorized for an appeal as a whole and not on a piecemeal basis by particular claims.
> ...
> Consequently, the district court erred by granting Hooker only partial leave to proceed in forma pauperis on appeal. If at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole. Accordingly, Hooker's motion to proceed in forma pauperis is granted."

2.      I have articulated 11 grounds for appeal in my Notice of Appeal. In order to revoke my in forma pauperis status, all eleven grounds for appeal, not just ten out of eleven, must be frivolous. This is a very high bar to clear, since, as the Court is surely aware, frivolousness requires much more than the case simply being a losing one. See Neitzke v. Williams, 490 US 319, 320 (1989) ("The question presented is whether a complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is automatically frivolous ... The answer,

we hold, is no").

3.      The District Court has already admitted that the lawsuit itself was not frivolous when it relied on alternative grounds to declare me vexatious. See Dkt. 71, p. 17 ("Plaintiff also argues that the instant case is not frivolous. However, Plaintiff's conduct in filing hundreds of motions ... satisfies this factor"). Furthermore, the Court concedes that I filed this suit, in part, in a good faith attempt to stamp out harassment against me. See Dkt. 71, pp. 17-18 ("Moreover, it appears that the motive for Plaintiff's filing of the instant and similar lawsuits are to stop harassment from other users online. For example, Plaintiff's claim in this case is against Acerthorn the True Acerthorn, a YouTube channel allegedly set up to harass him... the Court is cognizant of the dangers of cyberbullying"). So my appeal cannot possibly be taken in bad faith when, by the Court's own admission

4.      It would be preposterous for the Court to rule that an appeal taken from the dismissal of a good faith lawsuit is, itself, somehow taken in bad faith.

5.      Additionally, the majority of my grounds for appeal rested on whether or not the Court correctly determined the underlying infringement to be fair use. See Dkt. 89, ¶¶ 1-6. "The doctrine of fair use has been called, with some justification, the most troublesome in the whole law of copyright." See Sony Corp. of America v. Universal City Studios, Inc., 464 US 417, 475 (1984). Seealso Monge v. Maya Magazines, Inc., 688 F. 3d 1164, 1170 (9th Cir. 2012). Therefore, the Court should be cognizant of the possibility (neigh ... the *inevitability*) that reasonable minds will differ on whether or not something is fair use, and presume good faith and nonfrivolousness accordingly. Combine that with the aforementioned black letter law that even one single solitary nonfrivolous ground for appeal is singlehandedly good enough to justify the entirety of the appeal being granted leave to proceed in forma pauperis, and revoking my status should require the Court to clear a very, very high bar.

6.      For these reasons and more, I ask the Court not to revoke my in forma pauperis status.

So requested on this, the 4th day of April, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)